JOSEPH PRINCE, an Infant, by BARBARA SVOBODA, His Guardian ad Litem, Respondent, *v.* JOSEPH FRIED, Appellant.

First Department, December 3, 1920.

**Animals — action to recover for injuries inflicted by dog — evidence insufficient to show vicious character of dog or knowledge thereof by defendant — proof necessary to establish liability of owner of dog for injuries inflicted upon person.**

In an action to recover for injuries inflicted on plaintiff by the defendant's dog, the vicious character of the dog and knowledge thereof by the defendant were not established by evidence that the dog was chained in the day time and released at night, that there was a sign on the premises " beware of the dog," and testimony by the defendant that he kept the dog for a watch dog.

In order to charge the owner of a dog with liability for injuries inflicted upon a person by the dog, it is necessary to establish the vicious disposition of the dog and knowledge or existence of facts which would tend to bring home to the owner notice of the dog's vicious character.

On all the evidence, *held*, that the vicious character of the defendant's dog was not established and no circumstance was proven which would tend to bring home to the defendant knowledge of any act of the dog that would tend to show a vicious disposition.

APPEAL by the defendant, Joseph Fried, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of December, 1919, upon the verdict of a jury for $300.

*O. H. Droege,* for the appellant.

*William M. Kilcullen,* for the respondent.

PAGE, J.:

The action was brought to recover damages resulting from injuries inflicted by a dog kept by the defendant which, it was alleged, was known to be of a ferocious, vicious and mischievous disposition and accustomed to attacking and biting mankind.

The facts developed by the evidence were that plaintiff's mother was employed two days in the week doing washing, ironing and housecleaning at the home of the defendant, and

the defendant was a contractor and kept horses in a stable in the yard of the premises. The defendant had a setter dog which he had raised from a puppy, at the time of the injuries about ten years old, which he kept chained in the yard during the day and released at night. The plaintiff and his younger brother were in the kitchen of the defendant's premises and were told either by their mother or Mrs. Fried to go down into the yard and play until their mother was ready to go home. The plaintiff testified that as he opened the gate and stepped into the yard the dog jumped up and bit him in the face. There was no other eye witness to the occurrence. The only proof that this dog was of a vicious disposition was the testimony of the plaintiff's mother, that the dog had " snapped on me " twice within a month of the happening of this occurrence and that she told Mrs. Fried about it. It was testified by both plaintiff's mother and the other witnesses that the defendant during that month was absent from the city. A number of witnesses were called who had an intimate acquaintance with the dog and gave him an excellent character.

The defendant had nine children, ranging from the ages of ten to twenty-five. It was testified that these children and their friends had played with the dog, and others testified to their observation of the dog, and no evidence except that specified above was given tending in any way to show that the dog was of a vicious character.

The learned trial justice seemed to think the facts that the dog was chained up in the day time and released at night, and that the defendant testified that he kept him for a watch dog, together with a sign that was on the premises " beware of the dog " were sufficient in themselves to establish the vicious character of the dog and the knowledge of the defendant. Some support for this proposition will be found in a hasty reading of the case of *Brice* v. *Bauer* (108 N. Y. 428), but in that case it was established by the evidence that the dog was of a ferocious and vicious disposition, and the court held that the fact that the owner kept him as a watch dog and confined him during the day, releasing him at night, tended to show knowledge of his vicious disposition.

In order to charge a defendant with liability for injuries inflicted upon a person by a dog, it is necessary that proof

should be given of the vicious disposition of the dog. This being proved it is necessary further to show knowledge or existence of facts which would tend to bring home to the defendant notice of the dog's vicious character. In this case such proof is entirely wanting. It was not established that the dog was vicious and there were no circumstances proved which would tend to bring home to the defendant knowledge of any act of the dog that would tend to show a vicious disposition.

The judgment should be reversed and a new trial granted on the ground that the verdict was against the weight of the evidence, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide event.