RICHARD KENNET, Respondent, v. ISAAC SOSSNITZ, Appellant.

First Department, December 20, 1940.

*John S. Bennett* of counsel [*Frederick Mellor*, attorney], for the appellant.

*John J. Tullman* of counsel [*R. Robert Caplan* with him on the brief], for the respondent.

UNTERMYER, J.   The plaintiff has recovered for injuries sustained when the defendant's dog jumped upon him and threw him to the ground.

The plaintiff accompanied by two friends and leading his dog on a leash was walking in front of premises occupied by the defendant on the evening of June 25, 1937.   The defendant's dog, a St. Bernard of prodigious size, was lying unleashed in front of the steps of a house occupied by the defendant, set back a distance of about thirty-five feet from the street.   Suddenly the defendant's dog, moved by some secret impulse, rushed from his position at the steps and, leaping on the plaintiff, threw him to the ground. Although not muzzled at the time, the dog did not bite the plaintiff. The plaintiff offered no evidence tending to establish any previous acts disclosing vicious propensities on the part of the dog.   The defendant rested at the conclusion of the plaintiff's case, at which time his motion to dismiss the complaint on the ground that no cause of action had been established was denied.

The legal principles which control the liability of the owner of a domestic animal are established by many authoritative decisions.   Although the doctrine that every dog is entitled to

" one free bite," if it ever prevailed in this State, is no longer followed (*Muller* v. *McKesson*, 73 N. Y. 195; *Quilty* v. *Battie*, 135 id. 201), the owner " is not responsible for such injury unless the vicious propensities of the animal are known to him or by the exercise of reasonable care the same could have been ascertained." (*Hosmer* v. *Carney*, 228 N. Y. 73.) Similarly, in *Leonard* v. *Donoghue* (87 App. Div. 104), it was held that the owner was not liable for injuries inflicted by his dog even though permitted to run at large on the public highway. To the same effect are *Prince* v. *Fried* (194 App. Div. 282); *Benoit* v. *Troy & Lansingburgh R. R. Co.* (154 N. Y. 223). In the absence, therefore, of evidence that the dog had previously manifested vicious propensities the question of the defendant's liability should not have been submitted to the jury.

The great size of the dog does not affect the question of the defendant's liability. Notwithstanding his size he remained of a species which the law, guided by experience, has always regarded as the friend and companion of man. It would be unreasonable and inexpedient to hold that dogs are vicious or dangerous in proportion to their size. The owner, whether the dog be large or small, is justified in assuming that he will not inflict injury upon others unless his previous behavior gives some evidence of vicious tendencies. It would also be unfortunate if owners of dogs who, particularly in the rural sections of the State, must frequently maintain them to guard their property or perform other necessary services, were subjected to the liability of an insurer should a dog, always believed to be gentle, unexpectedly inflict injury on persons or property.

The plaintiff contends that the defendant's failure to comply with section 17 of the Sanitary Code of the City of New York requiring dogs to be " muzzled or restrained by a chain *or* leash " on public highways in the city of New York would have justified the jury in holding the defendant liable. By the ordinance the defendant was not required to keep his dog leashed but could allow it to remain at large provided it was muzzled. We think, therefore, the trial judge correctly held that the defendant's violation of the ordinance in failing to muzzle his dog did not contribute to the plaintiff's injury. If the plaintiff had been bitten by the defendant's dog the violation of the ordinance would, no doubt, have constituted *prima facie* evidence of negligence having a causal relation to the injury. (*Martin* v. *Herzog*, 228 N. Y. 164; *Carlock* v. *Westchester Lighting Co.*, 268 id. 345.) But since the plaintiff was not bitten but was thrown to the ground, the fact that the dog was not muzzled is without significance since compliance with the ordinance

would not have prevented the accident, if the occurrence may be so described. In so holding we have assumed, without deciding, that the court could take judicial notice of the ordinance even though it was not offered in evidence.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). Plaintiff, while lawfully using one of the public sidewalks in the city of New York, was knocked down by defendant's enormous, unleashed St. Bernard dog and thrown to the pavement with such violence that he is crippled for life and wholly incapacitated for any employment. This court now tells plaintiff and all other persons who may be injured under like circumstances that they suffer no injury of which the law takes any cognizance. I cannot agree with that result or the reasoning by which it is reached.

At the outset, this is not a " dog bite " case to which would be applicable the rule of prior knowledge of the vicious propensities of the animal, or the rule of absolute liability of an owner of such an animal to keep it confined at his peril or suffer the penalty for his failure to do so. The gravamen of such actions is not so much negligence in the way the animal is confined but the fact that he is vicious and the owner knows it. As was said by Chief Judge CHURCH in *Muller* v. *McKesson* (73 N. Y. 195, 199):

" It may be that, in a certain sense, an action against the owner for an injury by a vicious dog or other animal, is based upon negligence, but such negligence consists not in the manner of keeping or confining the animal, or the care exercised in respect to confining him, but in the fact that he is ferocious and that the owner knows it. * * * The negligence consists in keeping such an animal. * * *

" Lord HALE says: ' He (the owner) must, at his own peril, keep him up safe from doing hurt, for though he use his diligence to keep him up, if he escape and do harm the owner is liable in damages.' " (See, also, *Molloy* v. *Starin*, 191 N. Y. 21, 25; *Yackel* v. *Nys*, 258 App. Div. 318, 321.)

That is not the legal theory on which this case was pleaded or proved. The complaint alleges that the injuries were occasioned by defendant's negligence in that defendant knew that his dog, being a large animal, could by its weight and size knock down persons upon whom it leaped; and that defendant neglected to anticipate the dangers attending an unleashed and otherwise

unrestrained large dog in close proximity to the sidewalk. Plaintiff also charged a violation of a municipal ordinance.

The evidence follows the allegations. There was no claim that the dog attempted to bite plaintiff. The proof was that plaintiff was walking past defendant's house, accompanied by his dog also a fairly large animal, on a leash; while defendant was present, his enormous St. Bernard dog was lying, unleashed and unmuzzled, in front of the steps leading to a concrete path extending from the stoop to the sidewalk; the path was open and clear, with no fence or other barrier; defendant's dog, properly characterized in the majority opinion as an animal of " prodigious size," rushed from the steps, when plaintiff and his dog were passing the house, bounded across the path towards plaintiff's dog, struck plaintiff with the full force of his bulk and momentum, and knocked him to the sidewalk and fell upon him.

Liability was predicated not on the vicious nature of the dog but on defendant's negligence; and as defendant rested at the close of plaintiff's evidence, and offered no proof whatever, every fair inference must be given to the facts testified to in plaintiff's case and accepted by the jury. Indeed, the facts are undisputed and the testimony of plaintiff and his witnesses was not in the least weakened on cross-examination.

While the trial court gave defendant a charge more favorable than the facts warranted, for the most part relying on the doctrine applicable to " dog bite " cases, he also charged, without objection or exception by defendant, that if the jury, believing plaintiff's witnesses, reached " the conclusion that this defendant was careless in the manner in which he took care of his dog," plaintiff must have a verdict. The finding of the jury was clearly to the effect that the defendant was guilty of negligence.

In this case, as in every other resting on the duty to use ordinary care, the ultimate test is the foreseeability of the risk. The animal in question was one of the largest dogs domesticated by man. From the measurements as to its size, and from the testimony as to its type, the swiftness of the leap, the terrific force of the blow, the jury could properly infer that it was of prodigious strength. It was unmuzzled and unleashed, lying on steps contiguous to the sidewalk with no barrier between. The owner was present and knew or should have known that persons with other large dogs would pass the path in full view of his own dog. Defendant says in his brief: " It is a matter of common knowledge that two large dogs on meeting each other will entangle, bark at each other, run around and jump on each other. This is a trait common to every dog."

In that state of facts, the issue was whether defendant in the exercise of reasonable care, as an ordinarily prudent man, should have anticipated that his colossal, unleashed dog would probably be incited to rush out on the sidewalk when other large dogs passed by, and because of his size and strength, would be likely to endanger persons lawfully on the highway. Negligence does not exist unless there is a reasonable likelihood of danger. The range of reasonable apprehension, if varying inferences are possible, is for the jury. Liability does not depend upon whether the person charged with negligence could have foreseen the precise injury complained of; he may be held liable for that which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission. (*O'Neill* v. *City of Port Jervis*, 253 N. Y. 423, 434; *Palsgraf* v. *Long Island R. R. Co.*, 248 id. 339.)

In *Gropp* v. *Great Atlantic & Pacific Tea Co.* (141 App. Div. 372, 376) this court said: " The owner of a domestic animal is bound to take notice not only of the general propensities of the class to which it belongs, but also of any particular propensities peculiar to the animal itself, and if such propensities are of a nature to cause injury, he must anticipate and guard against them. * * * If the animal be given an opportunity to exercise such propensities, through the negligence of the owner, he will be liable to persons injured without fault on their part."

In American Law Institute, Restatement of the Law of Torts (Vol. II, Negligence), the rule is thus stated (p. 1173):

" § 435. Foreseeability of Harm or Manner of Its Occurrence.

" If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."

The trial court erred also in defendant's favor when it failed to charge, as requested by plaintiff, the following New York City Ordinance (section 17 of the Sanitary Code) providing

" § 17. Dogs not permitted in any public place unless muzzled or leashed.

" No dog shall be permitted at any time, to be on any public highway or in any public park or place in the City of New York, unless effectively muzzled or restrained by a chain or leash not exceeding six (6) feet in length."

The violation of an ordinance having a causal relation to the injury is evidence of negligence. (*Martin* v. *Herzog*, 228 N. Y. 164.) Several acts may concur to produce a result, one or more being the proximate cause, and again if varying inferences are present a jury question is raised. (*Carlock* v. *Westchester Lighting*

*Co.*, 268 N. Y. 345.) It is said that had the dog been muzzled, defendant would have complied with the ordinance, and, nevertheless, the accident would have happened. In answer it may be said that if the dog had been leashed defendant would have complied with the ordinance and the accident would not have happened. True, the ordinance reads in the alternative, " effectively muzzled or restrained." But this dog was neither muzzled nor leashed but was running loose on the public sidewalk, and, therefore, the ordinance was breached. It is useless to say that if he were muzzled, the accident could have happened, since in fact he was not muzzled.

No point is raised with regard to the amount of the concededly large verdict. Indeed, defendant in his brief states: " The injuries as claimed in the bill of particulars were sustained as a result of this accident."

For the reasons stated, I am of the opinion that the verdict of the jury was proper and that the judgment appealed from should be affirmed.

Judgment reversed, with costs, and the complaint dismissed, with costs.