Bexjamix Brexxer, J.
A young dog, 3 feet long and 15 inches high, leaped or fell from a second-floor window and, after coming upon a partially opened awning, struck the plaintiff on the head and shoulders when she was passing by on the sidewalk some 16 feet below.
The credible evidence adduced on trial is that the defendants, operating a theatre, had acquired the dog about six days prior to the event, and were training it as a watchdog; that it was permitted into the theatre office above a moderately busy street, the windows of which office were about 10% inches from the floor and which swivelled freely and readily opened on slight pressure; that inside the office both the sill and ledge under the window were, in view of the dog’s height, easily accessible; that the young dog was quite lively and on several prior occasions seemed to be reaching out of the window, clawing on the outside brick, and on one prior occasion it was seen to have actually leaped from the same window and then to run toward a shopper and her child across the street. Plaintiff sustained injuries which were originally described during her first hospital stay as cerebral concussion, damage to the brachial plexus and anasthesia of the left hand. The arm became weak and got progressively worse over the years and, whether or not the total paralysis or 100% loss of use thereof is due to a brain injury or to the nerve injury, it is clear that after 10 years the condition is the result of physiological changes rather than hysteria and that she will never again lower her arm, now frozen at a horizontal level across her stomach, nor will she again move the fingers of the left hand.
Though no evidence was presented that the defendants had actual knowledge of the dog’s prior leap, the evidence is adequate to establish that the defendants had constructive knowledge of the dog’s conduct at the office window during the short training period prior to the occurrence. True, there is a pre *844 sumption favorable to the defendants that unless known to be vicious, a dog will not inflict injury (Lynch v. McNally, 73 N. Y. 347), but no presumption exists that an animal, trained to be vicious and to attack an intruder, will not inflict injury. It is rather unusual for a dog to leap 16 feet from a second-story window, yet if a window is easily accessible and readily opened, and an awning is partially spread below such a window, an inference of fact that it will not leap from its dangerous perch cannot be indulged in.
That the danger was foreseeable is clear from the dog’s conduct prior to the unfortunate event (Shain v. Crausman, 3 N Y 2d 764). No vicious propensity is ascribed to it but its habits at the upper office window certainly put the defendants on notice of its proclivities to free itself from confinement.
This is not to say that every owner of a lively dog, absent knowledge of its tendency to forcefully free itself from confinement, must anticipate danger from an unexpected leap or accidental fall. Thus, there was no such finding in Kennet v. Sossnitz (260 App. Div. 759, affd. 286 N. Y. 623) where a dog leaped from a stoop onto a passerby. But here the knowledge of possible danger was present and the defendants owed plaintiff a duty to exercise reasonable caution to either latch the window or to keep the dog away from it. (Dickson v. McCoy, 39 N. Y. 400.)
I agree with the plaintiff who urges that the defendants were negligent even without scienter. In the light of the circumstances here present, while the dog remained unleashed, the defendants owed a duty of close surveillance to their patrons and the passersby on the street abutting the theatre. The young age of the dog, the nature of its training, the character of its surroundings, its freedom to roam freely and its habits at the window were all factors which, regardless of the lack of precise knowledge of specific misbehavior, required vigilance not ordinarily required of a house pet.
Plaintiff has now been crippled for some 10 years since the date of the accident. She will continue to be wholly incapacitated for the remainder of her life. Considering her long pain and suffering, her age and the permanent loss of substantial earnings, though in need of self-support, she is entitled to recover $23,500. The husband, institutionalized for illness for many years, has shown some expenditure for medical attention but little loss of services to date. The record discloses, however, that he may return home and in such case will probably be without some service on the part of his wife while he lives with her. His damage is fixed at $1,500. Enter judgment accordingly on notice with 30 days’ stay of execution.