■ HOWARD A. RIKOON et al., Individually and Doing Business as RIKOON REAL ESTATE, Respondents, v. TWO BORO DRESS, INC., et al., Respondents, and UNITED STATES OF AMERICA, Appellant, et al., Defendants. NATHAN TANNENBAUM, as Referee et al., Respondents.— Appeal by the United States of America (1) from an order entered February 20, 1957 granting the motion of the plaintiffs-respondents to amend, *nunc pro tunc*, the judgment of foreclosure and sale herein dated October 16, 1956, and (2) from so much of an order entered December 5, 1957 as granted said respondents' motion to conform the Referee's report of sale and as denied appellant's motion to correct said report of sale. Order of December 5, 1957 modified (a) by directing that the Referee's report of sale be corrected to the extent of deducting $435.66 from the expenses of the sale and to the extent of making appropriate changes in the balances and in the distributions resulting from such deduction, (b) by granting the motion of the plaintiffs-respondents to confirm the Referee's report of sale after it has been corrected as indicated above, (c) by granting, to the extent indicated above, appellant's cross motion to correct said report, (d) by striking from the first and third ordering paragraphs the figure "$3285.95" and by substituting therefor the figure "$2850.29", and (e) by striking from the fifth ordering paragraph the figure "$633.55" and by substituting therefor the figure "$1069.21". As so modified, order insofar as appealed from unanimously affirmed, without costs. The $435.66 hereby directed to be deducted represents taxes for the second half of 1956–1957, which accrued and became liens after the date of sale. The judgment of foreclosure authorizes the payment only of the taxes which accrued prior to the date of sale. The Referee is not authorized to pay any subsequent taxes (cf. *Hulst* v. *Maresca*, 238 App Div. 862). Appeal from order of February 20, 1957 dismissed, without costs. As to appellant said order is in effect an ex parte order from which an appeal does not lie (*Sigretto* v. *R. H. S. B. Holding Corp.*, 218 App. Div. 752). Present— Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ. Settle order on notice. [9 Misc 2d 591.]

■ ANTHONY RUSSO et al., Respondents-Appellants, v. ALBERT SCHIEBER et al., Appellants-Respondents.— Action by a pedestrian to recover damages for personal injuries received when she was struck by a dog which jumped or fell from a window of an abutting building, and by her husband for medical expenses and loss of services, against the owner of the dog (Albert Schieber) and the lessee of the building (Ridgewood Keeno Corp.) from which the dog jumped or fell. The court after trial without a jury awarded $23,500 for personal injuries and $1,500 for medical expenses and loss of services. Defendants appeal from the judgment entered thereon, and plaintiffs appeal from said judgment on the ground of inadequacy. Judgment unanimously affirmed, with costs. No opinion. Present— Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [11 Misc 2d 842.]