■ Joseph A. Mitura, Respondent, v Grady W. Roy et al., Appellants.—Order unanimously affirmed without costs. Memorandum: While participating in a picnic at defendants' residence, plaintiff dove off the diving board of defendants' backyard swimming pool. Unbeknownst to plaintiff, defendants' dog jumped into the pool at the same time and plaintiff landed on the dog, suffering a deep gash to his face. Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiff's complaint.

The owner of a domestic animal will be held liable for injuries caused by the animal if the owner has knowledge that the animal has vicious propensities. "[V]icious propensities which go to establish liability include a propensity to do any act which might endanger another" (Lagoda v Dorr, 28 AD2d 208, 209; see also, Shain v Crausman, 3 NY2d 764; Shuffian v Garfola, 9 AD2d 910; Thirlwall v Galanter, 66 Misc 2d 88, 90).

Here, there is evidence that defendants knew that their dog had a habit of jumping into the pool if it saw a person dive or jump in. In fact, in a statement to plaintiff's investigator, defendants admitted that in the past they put the dog in the garage while people were using the pool, and that they were

trying to train the dog to enter the pool only at the shallow end. This evidence raises a factual question on the issue of defendants' knowledge sufficient to defeat a motion for summary judgment.

Defendants argue that plaintiff knew that the dog would jump into the pool; therefore, plaintiff assumed the risk of his injuries. That issue cannot be resolved on this record as a matter of law. At his EBT, plaintiff admitted knowing that the dog had a habit of swimming in the pool, but denied knowledge that the dog would jump into the pool at the deep end. Defendants admitted that plaintiff had never seen the dog jump into the deep end of the pool. Consequently, a factual issue exists concerning whether plaintiff understood and appreciated the risk of injury and consented to it *(see generally,* Prosser and Keeton, Torts § 68, at 486-492 [5th ed]). (Appeal from Order of Supreme Court, Monroe County, Patlow, J.— Summary Judgment.) Present—Dillon, P. J., Doerr, Balio, Lawton and Davis, JJ.