■ STEVEN M. PLENNERT, an Infant, by DENISE PLENNERT, His Parent and Natural Guardian, et al., Respondents, v MELVIN ABEL et al., Appellants, et al., Defendant. [704 NYS2d 417] —Order unanimously reversed on the law without costs, motion granted and complaint against defendants Melvin Abel and Theresa Abel dismissed. Memorandum: Supreme Court erred in denying the motion of Melvin Abel and Theresa Abel (defendants) for summary judgment dismissing the complaint against them. The infant plaintiff, two-year-old Steven Matthew Plennert, was bitten by defendants' dog. The dog barked at times when people traversed defendants' driveway, but had no history of biting or behaving in a threatening manner toward anyone. On the day of the incident, Steven was "talking" to the dog in the presence of defendants' daughters when the dog suddenly attacked him, causing injuries that required his hospitalization.

Defendants met their initial burden by tendering proof in admissible form establishing that they had no knowledge that the dog had vicious propensities. By submitting hospital records and photographs that demonstrated the severity of the attack, plaintiffs raised an issue of fact regarding the dog's alleged vicious propensities; however, plaintiffs failed to raise an issue of fact whether defendants knew or should have known of the alleged vicious propensities (*see, Perry v Mikolajczyk,* 259 AD2d 987; *Wilson v Whiteman,* 237 AD2d 814).

There is no merit to the contention of plaintiffs that they may assert a common-law negligence cause of action against defendants based on their failure to keep the dog inside or otherwise to keep Steven from going near her. "Liability is not dependent upon proof of negligence in the manner of keeping or confining the animal, but is predicated upon the owner's keeping of the animal, despite his knowledge of the animal's vicious propensities" (*Lynch v Nacewicz,* 126 AD2d 708, 709; *see, Smith v Farner,* 229 AD2d 1017, 1018). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.