■ KATHY ANDERSON, Appellant, v ANDREW CARDUNER et al., Respondents, et al., Defendant. [720 NYS2d 18] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered November 5, 1999, dismissing the complaint as against defendants dog owner and her husband pursuant to an order, same court and Justice, entered October 18, 1999, which granted their motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to vacate the dismissal of the complaint as against the dog owner, the motion for summary judgment denied insofar as made on the latter's behalf, and otherwise affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The action should not have been dismissed as against defendant owner of the dog, which allegedly injured plaintiff by poking its snout in her eye while standing up on its hind-legs, in view of the owner's admitted knowledge of the dog's tendency to "rise up" to "greet" people. Whether such an injury was reasonably foreseeable from such behavior is an issue of fact that, if resolved in plaintiff's favor, would make the owner strictly liable for the dog's "vicious" propensity to rise up, assuming the dog in fact did rise up on this occasion, as alleged by plaintiff but denied by codefendant dog walker. " 'A known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant liable for

damages resulting from such an act.' " (*Thirlwall v Galanter*, 66 Misc 2d 88, 90 [Sandler, J.], quoting Prosser, Torts, at 515 [3d ed]; *see also, Mitura v Roy*, 174 AD2d 1020 [4th Dept]; *Lagoda v Dorr*, 28 AD2d 208, 209 [3d Dept].) Although plaintiff failed to raise this argument before the motion court, we consider it on appeal since it is readily apparent upon the face of the record and could not have been avoided by the dog owner had it been brought to her attention (*see, Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209, *lv denied* 88 NY2d 811).

The motion court correctly determined, based on uncontroverted evidence, that no issues of fact exist as to whether defendant dog owner negligently hired codefendant dog walker, whether the dog walker was an employee of the dog owner, or whether the dog owner's husband and codefendant was a co-owner of the dog. The motion court also correctly determined that dog-walking is not an inherently dangerous activity (*see, Chainani v Board of Educ.*, 87 NY2d 370, 381). Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.