■ ELMER PROVORSE, SR., Individually and as Executor of NETTIE L. PROVORSE, Deceased, Respondent, v L. DAVID CURTIS, Doing Business as CANOE COUNTRY, Appellant, et al., Defendant. [732 NYS2d 310] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of defendant L. David Curtis, d/b/a Canoe Country, seeking summary judgment dismissing the complaint against him for injuries sustained by decedent when Curtis's dog caused her to fall and fracture her hip. Even assuming, arguendo, that Curtis met his initial burden on the motion, we conclude that plaintiff raised issues of fact whether Curtis's dog exhibited a vicious propensity and whether Curtis had knowledge of that propensity (*cf., Plennert v Abel*, 269 AD2d 796). In opposition to the motion, plaintiff submitted proof that Curtis was aware that his dog would "muzzle greet[ ]" Curtis's customers by touching them on the arm or leg with an open mouth while following them on a homemade dog run into the common hallway of Curtis's building. Liability involving an animal "is predicated upon the owner's keeping of the animal, despite his knowledge of the animal's vicious propensities" (*Lynch v Nacewicz*, 126 AD2d 708, 709; *see, Plennert v Abel*, *supra*). Although Curtis's dog may have been acting in a playful manner, the term "vicious propensity" includes a propensity to act in a manner that may endanger the safety of another, whether playful or not (*see, Mitura v Roy*, 174 AD2d 1020; *see also, Anderson v Carduner*, 279 AD2d 369, 369-370). (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.