■ NANCY BERRY, as Parent and Natural Guardian of JOSEPH WHITNEY, an Infant, Appellant, v LEON WHITNEY, Respondent. [732 NYS2d 319] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her infant son when he was bitten by a dog being kept at the home of defendant, his paternal grandfather. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. In support of the motion, defendant submitted an affidavit of the dog's previous owner stating that, during her 10 years of ownership, she had never seen the dog bare its teeth or heard it growl, nor was she ever informed of any threatening or dangerous behavior. Defendant also submitted portions of his examination before trial wherein he testified that he did not trust the dog and would not allow his grandson to be "out near the dog, anywhere near the dog." He further testified that the dog was always kept chained. Contrary to the court's determination, we conclude that defendant failed to meet his initial burden of establishing as a matter of law that the dog had not previously demonstrated vicious propensities and that defendant neither knew nor should have known that the dog had such vicious propensities (*cf., Smith v Farner*, 229 AD2d 1017, 1017-1018; *see generally, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We therefore modify the order by denying defendant's motion and reinstating the complaint. (Appeal from Order of Supreme Court, Wayne County, Kehoe, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.