■ JACQUELINE A. MARQUARDT et al., Individually and as Parents and Natural Guardians of HEATHER C. MARQUARDT, an Infant, Respondents, v EDWARD C. MILEWSKI, JR., et al., Appellants. [732 NYS2d 801] —Order unanimously affirmed without costs. Memorandum: Plaintiffs' four-year-old daughter was severely injured when a dog owned by defendants Edward C. Milewski, Jr. and Deanna Milewski jumped on her and scratched her face. Plaintiffs' daughter was visiting a friend at the time of her injury, and plaintiffs also named Donna McKenna, the mother of their daughter's friend, as a defendant. Supreme Court properly denied the motion of McKenna and the cross motion of the Milewskis seeking summary judgment dismissing the complaint against them. With respect to the Milewskis, we conclude that, although they met their initial burden on their cross motion, plaintiffs raised issues of fact whether the Milewskis' dog had a vicious propensity and, if so, whether the Milewskis knew or should have known of that propensity (cf., Plennert v Abel, 269 AD2d 796). A vicious propensity is not limited to a bite or other attack, but "includes a propensity to act in a manner that may endanger the safety of another, whether playful or not" (Provorse v Curtis, 288 AD2d 832 [decided herewith]; see, Mitura v Roy, 174 AD2d 1020; see also, Anderson v Carduner, 279 AD2d 369, 369-370). With respect to McKenna, the court properly refused to dismiss the cause of action for negligent supervision against her. Although McKenna met her initial burden on her motion, plaintiffs raised issues of fact concerning McKenna's knowledge of the dog's alleged vicious propensity and whether the dog's actions "could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d 44, 49). (Appeals from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.