■ JOEL GOLDBERG, Appellant, et al., Plaintiff, v ROBERT LoRusso et al., Defendants and Third-Party Plaintiffs-

Respondents. PRUDENTIAL & HOUGHTON BANKS REAL ESTATE et al., Third-Party Defendants-Respondents. [733 NYS2d 117] —In an action to recover damages for personal injuries, etc., the plaintiff Joel Goldberg appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated August 8, 2000, as granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted by him, and that branch of the separate motion of the third-party defendants which was for summary judgment dismissing the complaint insofar as asserted by him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants third-party plaintiffs and that branch of the separate motion of the third-party defendants which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Joel Goldberg are denied, and the complaint insofar as asserted by the plaintiff Joel Goldberg is reinstated.

On May 15, 1997, the then 69-year-old plaintiff Joel Goldberg, a licensed realtor, arrived at the home of the defendants third-party plaintiffs, Robert LoRusso and Rose LoRusso, to preview their house in anticipation of a scheduled open house. The LoRussos' house had been listed for sale, and was equipped with a combination "lock box" which contained a key to open the front door. In accordance with the explicit instructions of Robert LoRusso, realtors were to telephone before showing the house and Goldberg had a co-worker in his office place a call before his visit.

The LoRussos owned a 2½ year-old German Shepard named "Lupo." During the day when no one was home, the LoRussos kept Lupo secured in the garage attached to their house. On the date in issue, however, two relatives of Robert LoRusso were staying in the house and thus Lupo was permitted to freely roam the house.

When Goldberg arrived at the LoRusso house, a "Beware of Dog" sign was posted in front. However, the multiple listing service information sheet for the house represented that the dog was kept in the basement or the garage. Goldberg rang the doorbell and after receiving no response, he removed the key from the lock box and opened the door. The door was solid and Goldberg could not see inside. As soon as he opened the door, Lupo lunged forward, knocked Goldberg to the floor, and perched on his chest until it was led away by one of the visiting relatives. As a result, Goldberg allegedly sustained a broken hip.

In support of their motion for summary judgment, the LoRussos established that Lupo had never exhibited any vicious propensities. It is uncontroverted that Lupo did not bite Goldberg or display any other menacing or aggressive behavior. Generally, even in cases where people are not bitten, but are injured by being jumped upon by a rambunctious dog, the owner thereof will not be subject to negligence liability for failing to restrain the dog, unless there was some prior notice of the particular behavior (*see, Althoff v Lefebvre,* 240 AD2d 604; *Nilsen v Johnson,* 191 AD2d 930; *Mitura v Roy,* 174 AD2d 1020). However, " ' "[a] *known* tendency to attack others, even in playfulness, as in the case of an overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant liable for damages resulting from such an act" ' " (*Anderson v Carduner,* 279 AD2d 369, 370, quoting *Thirlwall v Galanter,* 66 Misc 2d 88, 90, quoting Prosser, Torts, at 515 [3d ed], emphasis added).

In the instant case, notwithstanding a lack of evidence that Lupo was predisposed to jumping on strangers, we find that in a house listed for sale and visited by unfamiliar and unaccompanied realtors, Goldberg demonstrated the existence of an issue of fact as to whether an unrestrained Lupo was "a source of danger to [realtors] which the defendant might reasonably anticipate" (*Steubing v Hooper,* 272 App Div 865, *affd* 297 NY 660). Indeed, the LoRussos did attempt to prevent anticipated "surprises" and to protect prospective purchasers from "uncomfortable" encounters with an unrestrained Lupo by ordinarily providing for him to be secured in the garage. However, due to an apparent communications breakdown, Lupo was not restrained when Goldberg, who was unescorted, foreseeably entered the house and his injuries allegedly resulted (*see, St. Germain v Dutchess County Agric. Socy.,* 274 AD2d 146). Under these peculiar circumstances, we find that there are issues of fact which preclude summary judgment, and thus the Supreme Court erred in dismissing Goldberg's negligence claims (*cf., Colarusso v Dunne,* 286 AD2d 37). Santucci, J. P., S. Miller, Luciano, Feuerstein and Adams, JJ., concur.