■ ANDREA COLLIER, as Parent and Natural Guardian for MATTHEW COLLIER, an Infant, Respondent, v CHARLES ZAMBITO et al., Appellants. [750 NYS2d 249] —Appeal from that part of an order of Supreme Court, Cayuga County (Corning, J.), entered March 26, 2002, that denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. Plaintiff commenced this action seeking damages for injuries sustained by her then 12-year-old son when he was bitten by defendants' dog while a guest at defendants' home. In support of their motion, defendants submitted their deposition testimony wherein they testified that their dog barked and became excited when they had visitors at their home but had no history of biting or behaving in a threatening manner toward anyone. Defendants thereby met their initial burden by tendering proof in admissible form establishing that they had no knowledge that their dog had vicious propensities, and plaintiff failed to raise an issue of fact whether defendants knew or should have known of their dog's alleged vicious propensities (*see Lynch v Nacewicz*, 126 AD2d 708, 708-709; *see also Elmore v Wukovits*, 288 AD2d 875; *Plennert v Abel*, 269 AD2d 796).

The dissent properly states that a dog owner may be liable for injuries caused by the dog if the owner had prior knowledge of the dog's vicious propensities (*see e.g. Anderson v Carduner*, 279 AD2d 369; *Mitura v Roy*, 174 AD2d 1020). However, the injuries for which recovery is sought must arise from such propensities. Here, there is no evidence that the dog had a propensity to bite or otherwise behave in a threatening manner, and thus there can be no liability (*see Plennert*, 269 AD2d 796).

All concur except Green, J.P., and Gorski, J., who dissent and vote to affirm in the following memorandum.

Green, J.P., and Gorski, J. (dissenting): We respectfully dissent. In our view, plaintiff raised a triable issue of fact

whether defendants knew of the dangerous propensities of their dog, and thus we conclude that Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. According to the deposition testimony of Mary Zambito (defendant), defendants kept their dog, a mixed Rottweiler-Beagle named Cecil, blocked off in their kitchen by a three-foot gate whenever there were visitors in their home. They did so because Cecil was "excit[able]" when persons other than immediate family members were in their home. On the day of the incident at issue herein, plaintiff's son and several other boys were at defendants' home, visiting with defendants' son. When plaintiff's son informed defendant that he needed to use the bathroom, defendant removed the kitchen gate but put Cecil on a leash. When plaintiff's son came out of the bathroom, defendant invited him to approach Cecil so that Cecil could "smell" him. Cecil then lunged at plaintiff's son, biting his face. Defendant testified that plaintiff's son did nothing to provoke the attack. Plaintiff's son testified at his deposition that Cecil was "[v]ery wild" and "runs around a lot" and barks. He further testified that he had been to defendants' home on several occasions prior to being bitten. Plaintiff testified at her deposition that Cecil was "very active" and "jumping" on the day of the incident.

The owner of a dog will be held liable for injuries caused by the dog if the owner had prior knowledge of the dog's vicious propensities. " '[V]icious propensities which go to establish liability include a propensity to do *any* act which might endanger another' " (*Mitura v Roy*, 174 AD2d 1020, 1020). "A known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant liable for damages resulting from such an act" (*Anderson v Carduner*, 279 AD2d 369, 369-370 [internal quotation marks omitted]). The record before us establishes that defendants regularly kept Cecil segregated from persons other than immediate family members by way of a gate or a leash because of his excitable temperament, which was well known to defendants. Plaintiff's son described Cecil as "[v]ery wild," and he testified that Cecil "runs around a lot" and barks, and plaintiff testified that, on the day of the incident, Cecil was "very active" and "jumping." Yet defendant invited plaintiff's son to approach Cecil, to allow Cecil to "smell" him. By all accounts, Cecil's attack on plaintiff's son was severe and unprovoked. Because defendants were aware of Cecil's aggressive and intimidating behavior, i.e., his running, jumping and barking, we conclude that plaintiff raised an issue of fact

whether defendants knew or should have known of Cecil's dangerous propensities and, if so, whether defendant was negligent in initiating the contact between plaintiff's son and Cecil (*see Berry v Whitney*, 288 AD2d 857). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.