■ JOHN FELGEMACHER, Respondent-Appellant, v KAREN S. RUGG, as Executor of JESSE R. TRONOLONE, SR., Deceased, Individually and Doing Business as JESSE's SERVICE STATION, Also Known as TRONOLONE's COASTAL SERVICE, Appellant-Respondent. [814 NYS2d 452]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 21, 2005 in a personal injury action. The order granted in part and denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in its entirety and reinstating the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover

damages for injuries he sustained when a dog owned by Jesse R. Tronolone, Sr. (decedent) and his wife, Patricia A. Tronolone, jumped onto his back and knocked him to the ground. Supreme Court properly denied that part of defendant's motion for summary judgment dismissing the first cause of action, for strict liability in harboring a vicious animal, but erred in granting that part of defendant's motion for summary judgment dismissing the second cause of action, for negligence. We therefore modify the order accordingly.

With respect to the strict liability cause of action, defendant was required to establish as a matter of law that the dog had no vicious propensities of which decedent was or should have been aware (*see generally Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Parente v Chavez*, 17 AD3d 648, 649-650 [2005]). "Once such knowledge is established, an owner faces strict liability for the harm the animal causes as a result of those propensities" (*Collier*, 1 NY3d at 448). " '[V]icious propensities which go to establish liability include a propensity to do *any* act which might endanger another' " (*Mitura v Roy*, 174 AD2d 1020, 1020 [1991]). More specifically, "[a] known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for . . . jumping up on visitors, will be enough to make the defendant liable for damages resulting from such an act" (*Anderson v Carduner*, 279 AD2d 369, 369-370 [2001] [internal quotation marks omitted]; *see Provorse v Curtis*, 288 AD2d 832 [2001]; *Marquardt v Milewski*, 288 AD2d 928 [2001]). Here, defendant failed to meet her initial burden on the motion with respect to strict liability because she failed to establish as a matter of law that the dog had no vicious propensities (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, in support of the motion, she submitted the deposition testimony of decedent, wherein he testified that he chained the dog at his place of business to prevent the dog from "jumping on cars."

Defendant further failed to establish her entitlement to judgment as a matter of law with respect to the negligence cause of action. As with the strict liability cause of action, defendant failed to meet her burden of establishing as a matter of law that decedent had no knowledge of the dog's tendency to engage in behavior that might endanger someone (*cf. Althoff v Lefebvre*, 240 AD2d 604 [1997]; *White v Bruner*, 233 AD2d 439 [1996]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.