■ TONI FRANCIS et al., Appellants, v CURLEY FAMILY LTD. PARTNERSHIP, Defendant, and PATRICIA KILMETIS, Respondent. (Action No. 1.) TONI FRANCIS et al., Appellants, v THOMAS CURLEY PLUMBING & HEATING, INC., et al., Defendants, and STEPPING STONE CHILD CARE, INC., et al., Respondents. (Action No. 2.) [823 NYS2d 475]—

In two related actions to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the

Supreme Court, Nassau County (Cozzens, J.), dated January 7, 2005, which granted the motion of the defendants Stepping Stone Child Care, Inc., Patricia Kilmetis, and Andrew Kilmetis for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court dated April 20, 2005, as granted the motion of the defendant Patricia Kilmetis for summary judgment dismissing the complaint in action No. 1 insofar as asserted against her, and, upon reargument, adhered to its prior determination in the order dated January 7, 2005.

Ordered that the appeal from the order dated January 7, 2005, is dismissed, as that order was superseded by the order dated April 20, 2005, made upon reargument; and it is further,

Ordered that the order dated April 20, 2005, is modified, on the law, by (1) deleting the provision thereof granting that branch of the motion of the defendant Patricia Kilmetis which was for summary judgment dismissing the plaintiffs' claim in action No. 1 sounding in strict liability and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof, which, upon reargument, adhered to the prior determination in the order dated January 7, 2005, and substituting therefor a provision, upon reargument, vacating so much of the order dated January 7, 2005, as granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' claim in action No. 2 sounding in strict liability, denying that branch of the motion, and otherwise adhering to the determination in the order dated January 7, 2005; as so modified, the order dated April 20, 2005, is affirmed insofar as appealed from, without costs or disbursements.

The defendant Patricia Kilmetis (hereinafter Kilmetis) ran a child care facility, the defendant Stepping Stone Child Care, Inc. (hereinafter Stepping Stone), from the home where she resided with her husband, the defendant Andrew Kilmetis (hereinafter collectively the Kilmetises). The infant plaintiff, Toni Francis, had accompanied her mother, the plaintiff Jewel Francis, an employee of the child care center, to work on the day of the accident.

According to Kilmetis, a dog was confined in the laundry room at the time of the accident, and the infant plaintiff sustained her injuries for some unknown reason. Kilmetis alleged that she kept the dog confined in the laundry room because she knew that the infant plaintiff was not comfortable with the dog.

According to the plaintiffs, the dog, a family pet of the Kilmetises, had a tendency to jump up on the children attend-

ing the child care center, and from time to time it was kept locked up, away from the children. It was not always confined. The dog had also chased the children several times, and some of the children tried to avoid the dog. Earlier on the day of the accident, the dog had been locked away from the children because of its actions. According to the infant plaintiff, while the children were in the backyard, the dog came out of the house. It began to chase the infant plaintiff, who began running and allegedly tripped and fell while trying to avoid contact with the dog.

Jewel Francis alleged that before the accident, she complained to Kilmetis, on more than one occasion, that the dog was jumping up on the children and that some of the children were not comfortable with the dog. Jewel Francis alleged that in response to her complaint, Kilmetis had told her to lock the dog up if it was being aggressive.

In response to the showing by the Kilmetises and Stepping Stone that they were entitled to summary judgment dismissing the plaintiffs' complaints insofar as they alleged a claim sounding in strict liability, the plaintiffs raised a triable issue of fact as to whether or not the Kilmetises and Stepping Stone could be held liable in strict liability for the infant plaintiff's injuries (*see Bard v Jahnke*, 6 NY3d 592, 596-599 [2006]; *Loper v Dennie*, 24 AD3d 1131 [2005]; *McLane v Jones*, 21 AD3d 1376 [2005]; *Coole-Mayhew v Timm*, 18 AD3d 948 [2005]; *see also Felgemacher v Rugg*, 28 AD3d 1088 [2006]; *Malpezzi v Ryan*, 28 AD3d 1036 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contentions are without merit (*see Bard v Jahnke, supra*). Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.