Modafferi v DiMatteo (2019 NY Slip Op 08342)





Modafferi v DiMatteo


2019 NY Slip Op 08342


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND DEJOSEPH, JJ.


1140 CA 19-00212

[*1]KATE MODAFFERI, PLAINTIFF-APPELLANT,
v
TIFFANY A. DIMATTEO, DEFENDANT-RESPONDENT. 






COTE & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
THE LAW OFFICES OF JOHN TROP, DEWITT (KEVIN M. MATHEWSON OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered August 27, 2018. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff was walking her leashed small breed dog by defendant's home when defendant's two dogs escaped from defendant's fenced backyard. One of defendant's dogs attacked plaintiff's dog and, as plaintiff attempted to separate the dogs, she was bitten by defendant's dog. Supreme Court granted defendant's motion for summary judgment dismissing the complaint. We reverse.
It is well established that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]). Such knowledge "may . . . be established by proof of prior acts of a similar kind of which the owner had notice" (id.). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given
situation' " (id., quoting Dickson v McCoy, 39 NY 400, 403 [1868]; see Meka v Pufpaff, 167 AD3d 1547, 1547-1548 [4th Dept 2018]; Marquardt v Milewski, 288 AD2d 928, 928 [4th Dept 2001]). Thus, "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities" (Collier, 1 NY3d at 447; see Long v Hess, 162 AD3d 1646, 1647 [4th Dept 2018]).
Even assuming, arguendo, that defendant met her initial burden on the motion, we conclude that plaintiff raised an issue of fact to defeat that motion. Plaintiff submitted her own affidavit, wherein she stated that, after she was bitten, defendant told her that defendant "was aware of the risk that her dogs would attack small dogs." It was "foreseeable that if [defendant's dog] attacked another dog, someone would attempt to pull the dogs apart and be injured in the process" (Morse v Colombo, 8 AD3d 808, 809 [3d Dept 2004]). Thus, we conclude that issues of fact exist whether defendant's dog had a vicious propensity and whether defendant had knowledge of that propensity (see Pollard v United Parcel Serv., 302 AD2d 884, 884 [4th Dept 2003]; see generally Bavifard v Capretto, 169 AD3d 1402, 1403 [4th Dept 2019]).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court