(March 14, 1951.)

∎

MARY B. BROWN, Respondent, v. NORMAN S. WILLARD, Appellant.— Appeal from a judgment of the Supreme Court, Madison County, in favor of plaintiff. Defendant was the owner of a white mare. There is no evidence the mare had any vicious propensities; the evidence suggests she was a gentle animal. Defendant had been riding the mare on exercise ground on his own property and left her standing while he went into the barn. The reins were thrown over the mare's head to the ground; a method described in the record as "ground tied". Plaintiff was working in a garden on defendant's property about sixty feet from the barn near some bean poles. The mare came through the bean poles, knocking the plaintiff down and she was rendered unconscious. We are of the opinion that to recover it would be necessary to show some vicious tendency in this domestic animal. Horses that are left unattended upon public streets and ways and cause damage are in a class by themselves. Thus where a young horse was left at large on a sidewalk the court held negligence could be found, not on the vicious animal theory, but because of the natural propensity of a young horse "that he kicks in the air, and runs and gambols" (DWIGHT, J., in *Dickson* v. *McCoy,* 39 N. Y. 400, 401). On some such similar theory a runaway horse doing damage on a public street is treated as making out a prima facie case of negligence. (*Furlong* v. *Winne & McKain Co.,* 166 App. Div. 882 [3d dept.].) But here the mare was not on a public way or street. Unless some propensity to injure or to knock down persons was shown it could not be found to be negligence to leave the animal standing in the defendant's own exercise yard. Even the running away of a horse is to be treated as a vicious tendency in domestic animals. A knowledge of this kind of a "vicious propensity" must be shown. (*Benoit* v. *Troy & Lansingburgh* plaintiff is the result of a tendency to run away or to knock down people *R. R. Co.,* 154 N. Y. 223.) Therefore, whether the knocking down of the viciously, the need for showing knowledge by the defendant is a necessary condition to liability. The case is very similar to the leaping of the St. Bernard dog of "prodigious size" on the plaintiff in *Kennet* v. *Sossnitz* (260 App. Div. 759), where the complaint was dismissed by the Appellate Division, First Department. Judgment reversed, on the law and the complaint dismissed, without costs. The facts implicit in the verdict are affirmed. Foster, P. J., Bergan and Coon, JJ., concur; Brewster, J., dissents in the following memorandum in which Heffernan, J., concurs: The evidence presented questions of fact as to defendant's negligence, its proximate cause of plaintiff's injuries and her freedom from contributory negligence, and the proofs amply sustain the jury's verdict. The evidence established that what defendant did in the management of his mare was a proximate cause of plaintiff's injuries. Whether he exercised reasonable care in leaving her unattended in reliance upon her staying "ground tied" under the circumstances shown, and at a time when he knew plaintiff was nearby intent upon weeding in his garden, was, in my opinion, for the jury to determine.