OPINION OF THE COURT
Nelson S. Roman, J.
Plaintiff commenced this personal injury action against defendant, the owner of the retail store Conway’s, alleging injuries sustained from an attack by a stray cat, while plaintiff was shopping in the store located at 1333 Broadway, New York, New York, on August 19, 1999. Defendant moves for summary judgment pursuant to CPLR 3212 seeking to dismiss the complaint alleging plaintiff has failed to establish a prima facie case. Plaintiff opposes claiming triable issues of fact exist. For the following reasons, defendant’s motion is denied.
*409 Summary judgment is the procedural equivalent of a trial. (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338.) It is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223.) The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, presenting sufficient evidence, in admissible form, to eliminate any material issues of fact from the case. (Alvarez v Prospect Hosp., 68 NY2d 320, 324.) Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. (Alvarez, supra, citing Zuckerman v City of New York, 49 NY2d 557, 562.)
In support of its motion, defendant submits an affidavit of Morris Cohen, president of Conway, and the deposition transcript of David Rivera, a former security guard employed by Conway at the time of the incident. In his affidavit, Mr. Cohen avers Conway has never owned, housed, fed or taken in any cat at its 1333 Broadway location. Mr. Cohen further avers that prior to the August 19, 1999 incident, Conway was never advised of nor received any report of inappropriate behavior by a cat at said location. In his deposition, Mr. Rivera testified he was previously employed by Conway in various capacities from 1990 through April 2000. During his last two years of employment, he worked as a supervising security guard assigned to the 1333 Broadway store. Either sometime before or after plaintiff was allegedly attacked, he recalled seeing a cat in the store on approximately 10 different occasions, conceivably the same one, a full grown white cat. On one occasion he unsuccessfully attempted to remove the cat from the store. Although he never personally observed them, he believed several Conway employees fed a cat which roamed the store. He further averred that he informed his immediate supervisor, Lina Impatore, of the existence of the cat but doesn’t recall Conway taking any action to remove the cat from the store. Moreover, he never observed nor received any complaint from anyone concerning inappropriate behavior by a cat.
The general rule for an injury claimed by a domestic animal is one of strict liability which attaches once it is established that the animal has vicious propensities and that the defendant owner knew or should have known of the animal’s propensities. (Carter v Metro N. Assoc., 255 AD2d 251 [1st *410 Dept 1998].) Under the theory of vicious propensity, defendant has made a prima facie showing of entitlement to judgment as a matter of law. Assuming there has been a showing that defendant either owned or harbored a cat at the premises, defendant has demonstrated there were no prior attacks, bites or scratches involving the cat. Therefore, the burden would then shift to plaintiff to come forward with evidentiary proof in admissible form to raise a triable issue of fact.
In opposition, plaintiff does not present any evidence of a prior attack, bite or scratch by the cat involved. She affirmatively asserts she is not proceeding on the theory of vicious propensity but rather on the theory of common-law negligence. Therefore, any claims raised under said theory are foreclosed. Plaintiff urges that defendant failed to provide a reasonably safe environment for its customers because it knew there was a cat in the store. In support of its contentions, plaintiff relies on the deposition of Mr. Rivera wherein he testified that he informed his supervisor of the existence of a cat in the store and no action was taken. She also submits the affidavit of Nicole Mercurio, a licensed veterinarian, who avers that stray or feral cats do not exhibit the same behavior as house cats and can be “quite dangerous.” She further avers that if a stray cat feels cornered, nervous or fears for its safety, it may attack.
In Schwartz v Erpf Estate (255 AD2d 35, 37, appeal dismissed 94 NY2d 796 [1999]) the First Department made an exception to the general rule of vicious propensity. In Schwartz, the Court affirmed the denial of summary judgment under common-law principles of negligence where a four-year-old boy sustained severe brain damage from being kicked in the head by a horse. The Court held:
“New York has repeatedly rejected application of a negligence standard when injury was caused by domestic animals; rather, in such cases discussion generally begins and ends with consideration of whether the animal in question was known to have vicious propensities (see, e.g., Brown v Willard, 278 App Div 728, affd 303 NY 727, supra).
“Nevertheless, we conclude that in certain limited circumstances, claims of injury caused by animals may be based upon a theory of negligence rather than upon the strict liability resulting from the vicious propensity rule. * * * Of course, in view of this State’s broad use of the vicious propensity rule *411 to the exclusion of ordinary negligence claims, a cause of action grounded in negligence may not be based merely upon the failure to prevent the complained-of misbehavior by the animal. The owner of a domestic animal, absent prior indications of a problem, has no particular duty with respect to that animal’s behavior toward visitors in the home. Before our courts may consider a negligence claim concerning the behavior of an animal, there must be some other distinct act that the defendant should have done or refrained from doing under the particular circumstances, or some distinct, enhanced duty.” (Schwartz, 255 AD2d at 38 [emphasis added].)
In Schwartz, the Court held that a landowner owes an enhanced duty of care when small children are living on the premises with a known dangerous condition, such as the presence of a horse. In order for plaintiff to sustain a claim for common-law negligence, as delineated in Schwartz, she must therefore demonstrate some other distinct act that the defendant should have done or refrained from doing under the particular circumstances, or demonstrate the existence of a distinct, enhanced duty owed to her. It is well settled law that a landlord or store owner has a general duty to maintain the premises in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries. (Basso v Miller, 40 NY2d 233.) As a prerequisite for recovery, however, it must be established that the landlord or store owner had notice of the dangerous condition that precipitated the injury. (Piacquadio v Recine Realty Corp., 84 NY2d 967, 969.) The presence of a stray or feral cat, which “can be quite dangerous” (see, affidavit of Nicole Mercurio, D.V.M.), may constitute a particular danger for unassuming visitors and/or customers whose presence on the premises is foreseeable. Accordingly, defendant’s motion for summary judgment seeking to dismiss plaintiffs cause of action premised on common-law negligence must be denied.