■ JOHANNA CALABRO, Respondent, v PETER BENNETT et al., Appellants. [737 NYS2d 406] —Mugglin, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered December 4, 2000 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks damages for injuries sustained from having been bitten in the face by defendants' Siberian husky. Defendants moved for summary judgment contending that they lacked knowledge that their dog had vicious propensities. Supreme Court denied the motion and defendants appeal.

We affirm. An owner is strictly liable for personal injuries caused by a domestic animal if the evidence establishes that the animal had vicious propensities and that the owner knew or should have known of this fact (*see, Velazquez v Carns*, 244 AD2d 620, 620). " 'Vicious propensity' has been defined as 'the tendency of [an animal] to do an act which might endanger another' " (*Brophy v Columbia County Agric. Socy.*, 116 AD2d 873, 874, quoting *Wheaton v Guthrie*, 89 AD2d 809, 810). "Proof of a previous attack is unnecessary where other factors are indicative of knowledge * * *" (*Brophy v Columbia County Agric. Socy., supra* at 874 [citation omitted]). Proof that the animal previously bit a human is not required (*see, Lagoda v Dorr*, 28 AD2d 208, 209). With these rules in mind and giving plaintiff the benefit of every favorable inference (*see, Blake-Veeder Realty v Crayford*, 110 AD2d 1007, 1008), we agree with Supreme Court's determination.

While we view defendants' deposition testimony and affidavits as sufficient to shift the summary judgment burden to plaintiff, we find plaintiff's evidence met that burden. Specifically, the evidence shows that the dog was tethered at all times when not in the house, he was territorial, aggressively barking when his area was invaded (*see, e.g., Sorel v Iacobucci*, 221 AD2d 852, 853), frequently jumped on people (*see, Lagoda v Dorr, supra* at 209), attacked another animal (*see, Cronin v Chrosniak*, 145 AD2d 905, 906), and defendants admitted knowledge of all of these factors. When this evidence is

combined with the evidence of the manner in which the incident occurred and the extent and gravity of the injuries sustained by plaintiff (*see, e.g., Lynch v Nacewicz*, 126 AD2d 708, 709), there is sufficient evidence to defeat defendants' motion for summary judgment.

As a result of this decision, we need not address plaintiff's argument with respect to the need for additional discovery.

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.