■ CHERYL K. POLLARD, Appellant, v UNITED PARCEL SERVICE et al., Defendants, and ANDREW DUKES et al., Respondents. [754 NYS2d 473] —Appeal from that part of an order of Supreme Court, Monroe County (Fisher, J.), entered February 12, 2002, that granted the cross motion of defendants Andrew Dukes and Lisa Stowe for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the cross motion is denied and the complaint against defendants Andrew Dukes and Lisa Stowe is reinstated.

Memorandum: Plaintiff was walking by the home of Andrew Dukes and Lisa Stowe (defendants) when defendants' dog ran toward her. Plaintiff believed that the dog was chained, but the manner in which the dog approached her caused her to attempt to evade the reach of the dog. Plaintiff stepped backwards into the street and was struck by a truck owned by defendant United Parcel Service. Supreme Court erred in granting the cross motion of defendants for summary judgment dismissing the complaint against them. The owner of a dog will be held liable for injuries caused by the dog if the owner had prior knowledge of the dog's vicious propensities. " '[V]icious propensities which go to establish liability include a propensity to do *any* act which might endanger another' " (*Mitura v Roy*, 174 AD2d 1020, 1020). "A known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant liable for damages resulting from such an act" (*Anderson v Carduner,* 279 AD2d 369, 369-370 [internal quotation marks omitted]).

Even assuming, arguendo, that defendants met their initial burden on the cross motion, we conclude that plaintiff raised an issue of fact to defeat the cross motion. Plaintiff presented evidence that defendants knew that their dog had a habit of running at pedestrians passing by their home, particularly those accompanied by another dog. Plaintiff also presented evidence that defendants tied their dog to two cinder blocks and buried one because the dog was able to move a single cinder block when she lunged. Although defendants' dog did not bite plaintiff, it is undisputed that the dog ran toward plaintiff,

frightening her and causing her to step backward into the street. Thus, we conclude that plaintiff raised an issue of fact whether defendants' dog had a vicious propensity and whether defendants had knowledge of that propensity (*see Provorse v Curtis*, 288 AD2d 832).

All concur except Hayes, J., who dissents and votes to affirm in the following memorandum.

Hayes, J. (dissenting). I respectfully dissent and vote to affirm. In my view, Andrew Dukes and Lisa Stowe (defendants) met their initial burden on their cross motion for summary judgment dismissing the complaint against them by establishing that they had no prior knowledge of their dog's vicious propensities, and plaintiff failed to raise a triable issue of fact (*see Greiner v Beck*, 284 AD2d 966). Defendants testified at their depositions that their dog would run toward only those pedestrians who were walking a dog, and plaintiff in this case was not walking a dog. In any event, the mere fact that defendants' dog would run toward pedestrians is not by itself sufficient to establish that the dog had vicious propensities (*see generally Fontanas v Wilson*, 300 AD2d 808). Defendants' dog was leashed and remained in defendants' yard at all times, and defendants' leashed dog never came in contact with plaintiff (*cf. Marquardt v Milewski*, 288 AD2d 928; *Anderson v Carduner*, 279 AD2d 369). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.