■ SHERI MULHERN, Respondent, v CHAI MANAGEMENT et al., Appellants, et al., Defendants. [765 NYS2d 694] —Lahtinen,

J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered May 21, 2002 in Sullivan County, which denied a motion by defendants Chai Management, Jerome Goodman, Joseph Abbadessa and Four Seasons Management for summary judgment dismissing the complaint against them.

On November 15, 1997, plaintiff was in an apartment leased by defendants Tonya Shaw and Anthony Shaw when she was attacked by a dog housed in the apartment by the Shaws in violation of the terms of their lease. The apartment building where the incident occurred was owned by defendant Jerome Goodman, managed by defendant Chai Management and the on-site manager was defendant Joseph Abbadessa, who did business as defendant Four Seasons Management (hereinafter collectively referred to as defendants). Plaintiff subsequently commenced this action against the Shaws, who defaulted, and defendants. After extensive discovery, defendants moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion. Defendants appeal.

Defendants argue that the record fails to reveal any factual issues indicating that they knew or should have known that the dog had vicious propensities prior to the attack. A landlord may be liable for the attack of a dog harbored by tenants if the landlord had knowledge of the animal's vicious propensities and maintained sufficient control of the premises to require the animal to be removed or confined (*see Strunk v Zoltanski,* 62 NY2d 572, 573-574 [1984]; *Brundrige v Howes,* 259 AD2d 895, 896 [1999]; *see also Baisi v Gonzalez,* 97 NY2d 694, 695 [2002]). While the Shaws had two dogs at the premises, the one that attacked plaintiff had been there about one month. During that time, plaintiff had visited the Shaws' apartment nearly every day. She was familiar with the dog and knew that it was housed in the apartment. Plaintiff recalled that the dog barked at her the first few times she visited, but was "fine" after getting to know her and had never nipped at her. Plaintiff also testified that she observed the two dogs playing roughly in the Shaws' apartment and that the dog which eventually attacked her would growl and bite at the other dog. To the extent that this evidence may reflect notice of the dog's vicious propensities (*see Calabro v Bennett,* 291 AD2d 616 [2002]), it was notice to the Shaws. There is nothing in the record indicating that defendants knew of any of these activities.

Plaintiff argues that a factual issue as to defendants' knowledge of the dog's propensities can be inferred from the fact that Abbadessa acknowledged that, a few days prior to the incident as he went to the Shaws' apartment to collect rent, he observed

the dog with a muzzle on it. Anthony Shaw reportedly told Abbadessa that the purpose of the muzzle was to keep the dog from barking. Abbadessa recalled that, upon seeing two dogs in the apartment, he told the Shaws that they would have to get rid of the animals. The attack upon plaintiff happened shortly thereafter. While plaintiff tragically suffered severe injuries in this attack, the record fails to establish that defendants had timely knowledge of conduct by the dog reflecting vicious propensities.

Finally, although there is a dispute about the breed of the dog, we accept for purposes of this motion plaintiff's contention that it was a pit bull. While a dog's breed is a factor that can be considered as an aspect of viciousness (*see Wilson v Bruce,* 198 AD2d 664, 665 [1993], *lv denied* 83 NY2d 752 [1994]; *see also Sorel v Iacobucci,* 221 AD2d 852, 853-854 [1995]), its breed, alone, is not sufficient to establish a factual issue regarding vicious propensities (*see Carter v Metro N. Assoc.,* 255 AD2d 251, 251-252 [1998]). Here, the record contains insufficient additional relevant evidence to defeat defendants' motion.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendants Chai Management, Jerome Goodman, Joseph Abbadessa and Four Seasons Management, and complaint dismissed against them.