■ VLADIMIR PUCIK, Appellant, v CORNELL UNIVERSITY et al., Respondents. [771 NYS2d 921]—

Rose, J. Appeals (1) from an order of the Supreme Court (Mulvey, J.), entered November 6, 2002 in Tompkins County, which, inter alia, denied plaintiff's motion to compel a response to discovery demands, and (2) from an order of said court, entered March 20, 2003 in Tompkins County, which, inter alia, denied plaintiff's motion to compel a response to his revised discovery demands.

In this action arising out of an allegedly defamatory word in an e-mail message published by an associate dean at defendant Cornell University in August 1997, plaintiff served numerous

discovery demands and then moved for sanctions for defendants' failure to more fully disclose and submit to depositions. Supreme Court, finding the length and complexity of plaintiff's demands to be an abuse of the discovery process, vacated those demands, denied his motions, limited the number of depositions and restricted any further discovery demands to 10 pages. After plaintiff served further demands and defendants objected, Supreme Court again denied his motions for sanctions and to compel disclosure. Plaintiff now appeals from both orders.

We affirm. Supreme Court quite properly exercised its broad discretion in supervising the disclosure process when it refused to compel compliance with plaintiff's patently excessive, overbroad and burdensome demands, which include a tortuous 200-page demand to produce and disclose, as well as notices to depose 44 persons (*see Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 913 [2001]; *Blank v Schafrann*, 180 AD2d 886, 887 [1992]). Nor was there any abuse of that discretion here when the court limited the length of plaintiff's further discovery demands (*see* CPLR 3103 [a]). Finally, plaintiff's subsequent demand was overbroad and onerous in requesting, among other things, the associate dean's entire personnel file and every document or record made, received or maintained by any of Cornell University's officials or agents since January 1, 1991 (*see Matter of Andrews v Trustco Bank, Natl. Assn., supra* at 913).

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, with costs.