■ LISA JENNINGS, Appellant, v ANTHONY NESPOLINO et al., Respondents. [774 NYS2d 795]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered January 21, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action sounding in strict liability in tort and negligence to recover damages for injuries sustained when she was bitten by one of two German Shepherd dogs owned by the defendants Maria and George Vasquez, which were being cared for by the defendant Anthony Nespolino. To recover in strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner or the person in control of the premises where the dog was kept knew or should have known of such propensities (*see Collier v Zambito,* 1 NY3d 444 [2004]; *Saboe v Splish Splash at Adventure Land,* 272 AD2d 315 [2000]). In this case, the defendants made a prima facie showing of entitlement to judgment as a matter of law with respect to both the strict liability and negligence claims. In response, with regard to the strict liability claim, the plaintiff raised triable issues of fact as to whether the subject dog had vicious propensities, and if so, whether those propensities were known or should have been known to the defendants (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Saboe v Splish Splash at Adventure Land, supra*). Moreover, with regard to the negligence claim, the plaintiff raised triable issues of fact as to whether, under the

circumstances presented, the defendants' acts or omissions resulted in reasonably foreseeable injuries to her (*see Alvarez v Prospect Hosp., supra; Goldberg v LoRusso*, 288 AD2d 257, 259 [2001]; *Colarusso v Dunne*, 286 AD2d 37 [2001]). Accordingly, the Supreme Court erred in granting the defendants' motion. H. Miller, J.P., Adams, Townes and Mastro, JJ., concur.