◼ CHERYL MORSE, Appellant, v FRANCES COLOMBO et al., Respondents. [777 NYS2d 824]—

Kane, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 14, 2003 in Columbia County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was hired by defendants as a live-in caretaker for defendant Joseph Colombo. Defendants permitted plaintiff to bring her dog, a Staffordshire terrier named Vladimir, to live with her in defendants' home. Defendant Frances Colombo lived elsewhere during the week and spent the weekend at the home, bringing her miniature dachshund named Cadbury with her. The parties agreed that while Cadbury was present in the home, the two dogs would be kept separated. Shortly after plaintiff moved in, contrary to the parties' agreement, Cadbury was let into the house before Vladimir was secured by plaintiff. When Cadbury latched on to Vladimir's leg, plaintiff attempted to separate the dogs. Cadbury bit plaintiff, causing injury to her hand. Following commencement of this action, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting plaintiff's appeal.

Supreme Court erred in granting defendants' motion for summary judgment. Dog owners are strictly liable for personal injuries resulting from a dog bite if the owner knew or should have known that the animal had vicious propensities (*see Rugg v Blackburn*, 292 AD2d 736, 737 [2002], *lv denied* 98 NY2d 614 [2002]; *Calabro v Bennett*, 291 AD2d 616, 616 [2002]). "[T]he vicious propensities which go to establish liability include a propensity to do *any* act which might endanger another" (*Lagoda v Dorr*, 28 AD2d 208, 209 [1967]; *see Calabro v Bennett, supra* at 616). A similar act by the dog, such as a prior biting incident, imputes knowledge of vicious propensity (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]). Although defendants met their burden with proof that they had no knowledge of any vi-

cious propensities or prior biting incidents, plaintiff's response sufficiently raised questions of fact regarding defendants' knowledge of such propensities (*see Calabro v Bennett, supra* at 616). Plaintiff's affidavit stated that Joseph Colombo admitted to her that his dog had previously bitten a family member. His doctor also submitted an affidavit for plaintiff indicating that someone told her that Cadbury had previously bitten someone else. Despite the vagueness of the doctor's affidavit, these submissions raised a question of fact as to whether Cadbury had previously bitten another person, thus whether defendants had knowledge of her vicious propensities.

Even in the absence of a prior bite, a triable issue of fact regarding knowledge of vicious propensities may be raised by other evidence of the dog's aggressive behaviors (*see Collier v Zambito, supra* at 447; *Calabro v Bennett, supra* at 616). "[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities" (*Collier v Zambito, supra* at 447). Such behaviors can include the animal being territorial, aggressively barking when her area was invaded, attacking another animal, growling and biting at another dog (*see Mulhern v Chai Mgt.*, 309 AD2d 995, 996 [2003], *lv denied* 1 NY3d 508 [2004]; *Calabro v Bennett, supra* at 616; *Cronin v Chrosniak*, 145 AD2d 905, 906 [1988]; *but see Blackstone v Hayward*, 304 AD2d 941 [2003], *lv denied* 100 NY2d 511 [2003]). Plaintiff's proof of viciousness included an admission by Joseph Colombo that Cadbury had gone after his nephews, Frances Colombo's admissions that Cadbury was territorial, a friend's dogs had to be kept out of the house because of Cadbury's reaction to them, and Cadbury would run toward other dogs and confront them if they came near her. Additionally, defendants took steps to assure that Cadbury and Vladimir were kept separate and apart because they worried that there might be problems if the dogs interacted. Evidence of knowledge of propensities may be found in an owner's precautions to restrain the dog (*see Lagoda v Dorr, supra* at 210). Defendants knew that Cadbury was aggressive towards other dogs in her territory and took steps to address that problem. It was foreseeable that if Cadbury attacked another dog, someone would attempt to pull the dogs apart and be injured in the process. The submissions raised questions of fact regarding defendants' knowledge of Cadbury's vicious propensities sufficient to withstand summary judgment.

We have reviewed plaintiff's remaining arguments and found them inapplicable to an action seeking damages as a result of a dog bite.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.