■ GARY CZARNECKI, Appellant, v DARLENE WELCH et al., Respondents. [786 NYS2d 659]—

Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered February 24, 2004 in Saratoga County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

This is a dog bite case in which defendants successfully moved for summary judgment dismissing the complaint upon the ground that, prior to the incident, they reportedly had no knowl-

edge of the dog's vicious propensities. In this procedural setting, all evidence must be viewed in the light most favorable to plaintiff (*see Blandin v Marathon Equip. Co.*, 9 AD3d 574, 576 [2004]; *Rosati v Kohl's Dept. Stores*, 1 AD3d 674, 674 [2003]). Viewing the evidence in such a fashion, we reverse.

The long-standing and recently reaffirmed law in this state provides that, in the absence of actual or constructive knowledge of a dog's vicious propensities, a dog's owner is not liable when it bites someone (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Hagadorn-Garmely v Jones*, 295 AD2d 801, 801 [2002]). In addition to proof of prior similar vicious acts, examples of evidence that may be sufficient to raise a question of fact regarding knowledge includes, among other things, "that [the dog] had been known to growl, snap or bare its teeth" or "the manner in which the dog was restrained" by its owner (*Collier v Zambito, supra* at 447; *see Morse v Colombo*, 8 AD3d 808, 809 [2004]; *Beck v Morse*, 271 AD2d 916, 917 [2000]).

Here, plaintiff stated at his examination before trial and in his affidavit in opposition to the motion that he had known defendants for many years, had previously visited their home and had prior conversations with defendant Steven Welch about the dog, which was described as a Great Dane weighing approximately 200 pounds. Plaintiff averred that Welch "bragged" about the dog's "protective" conduct, including one incident where the dog allegedly "attacked one of his son's friends and ripped the coat right off him while pinning him against a car," and another where the dog chased away someone who was near defendants' vacation trailer. While defendants adamantly deny the veracity of such stories, this creates credibility issues for the jury. The evidence submitted by plaintiff was sufficient to raise a factual issue regarding defendants' knowledge of the dog's vicious propensities and, accordingly, defendants' motion for summary judgment should have been denied (*see Morse v Colombo, supra*; *Beck v Morse, supra*).

Finally, we note that plaintiff cross-moved for relief regarding a disclosure dispute. Supreme Court did not address that issue because it had dismissed the underlying action. Since the trial court is vested with broad discretion in its supervision of disclosure (*see Cerasaro v Cerasaro*, 9 AD3d 663, 664, [2004]; *Pucik v Cornell Univ.*, 4 AD3d 686, 687 [2004]), we deem it prudent under the circumstances to remit the matter to Supreme Court to address the merits of the disclosure dispute.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.