■ CHRISTINE COOLE-MAYHEW et al., Respondents, v CHRISTINA TIMM et al., Appellants. [794 NYS2d 486]—

Kane, J. Appeal from an order of the Supreme Court (Bradley, J.), entered September 29, 2004 in Ulster County, which, inter alia, granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

Defendants owned a Labrador Retriever/Golden Retriever mix dog named Baby. They hired plaintiff Billy Joe Mayhew to perform some odd jobs around their house. Mayhew's wife, plaintiff Christine Coole-Mayhew (hereinafter plaintiff), accompanied him to defendants' residence when he worked. According to plaintiff, she and Mayhew had been inside the residence to socialize with defendants on several occasions. Plaintiff alleges that Baby barked and growled whenever she was there, and defendants usually kept Baby in another room when they had guests. On the day of the incident, Mayhew was intoxicated at defendants' home when plaintiff arrived. After verbal interac-

tions which frightened plaintiff, defendant Christina Timm urged plaintiff to flee the property, which she did by hiding in some nearby woods. Thirty minutes later, when plaintiff did not see her husband and felt the coast was clear, she went to defendants' house to call 911. How plaintiff gained entrance to the house is unclear. Plaintiff contends that she knocked on the door and defendant Karen Dutken let her in. Dutken contends that she was not home at the time. Timm contends that she, accompanied by Baby, was locking all the doors in her house to keep Mayhew away, and as she approached the last unlocked door she discovered plaintiff standing in the house, at which time Baby bit plaintiff on the hand, causing injuries.

Following plaintiffs' commencement of this action, defendants moved for summary judgment dismissing the complaint or, in the alternative, for partial summary judgment finding that plaintiff assumed the risk. Plaintiffs cross-moved for partial summary judgment on the issue of liability. Supreme Court denied defendants' motion and granted plaintiffs' cross motion. Defendants appeal.

Because questions of fact exist regarding whether Baby had vicious propensities and, if so, whether defendants had notice of said propensities, summary judgment on liability was inappropriate. "Dog owners are strictly liable for personal injuries resulting from a dog bite if the owner knew or should have known that the animal had vicious propensities" (*Morse v Colombo*, 8 AD3d 808, 808 [2004] [citations omitted]; *see Collier v Zambito*, 1 NY3d 444, 446, 448 [2004]; *Mindel v Jones*, 16 AD3d 857, 857-858 [2005]; *Rugg v Blackburn*, 292 AD2d 736, 737 [2002], *lv denied* 98 NY2d 614 [2002]). The submissions on the motions showed: that Baby barked at guests and plaintiffs; he was usually kept on a chain or leash; when guests visited defendants' house, defendants kept Baby in a separate room, and Timm did this to avoid "dog problems" and not "put people in jeopardy"; and someone told Dutken, who later told Timm, that Baby had lunged at a local bus driver. The circumstances surrounding the bus driver incident were very vague, making it unclear whether the dog merely barked and scared away a bus driver while someone walked the dog on a leash, whether the dog strained at its chain and lunged at the bus driver while unattended, or whether the bus driver was taunting the unattended dog causing it to react in a manner which frightened the bus driver. There were no prior instances where the dog bit or injured anyone. While the evidence was sufficient to deny defendants' motion for summary judgment, it raised triable issues of fact regarding Baby's vicious propensities and defen-

dants' notice of same, which preclude a grant of summary judgment to plaintiffs (*see Morse v Colombo, supra* at 808-809; *Calabro v Bennett,* 291 AD2d 616, 616-617 [2002]; *Beck v Morse,* 271 AD2d 916, 917 [2000]; *compare Fontanas v Wilson,* 300 AD2d 808, 809 [2002]).

Supreme Court properly determined that the assumption of risk defense could not result in a grant of summary judgment to defendants. Primary assumption of risk, which acts as a complete bar to recovery, is limited to situations where there is an elevated risk of danger, typically in a sporting or entertainment activity (*see Cohen v Heritage Motor Tours,* 205 AD2d 105, 108 [1994]). These are situations where the risks are fully comprehended or obvious and the plaintiff has consented to them, thereby relieving the defendant of any duty to protect the plaintiff from those risks (*see Turcotte v Fell,* 68 NY2d 432, 438 [1986]; *Arbegast v Board of Educ. of S. New Berlin Cent. School,* 65 NY2d 161, 169 [1985]; *Cohen v Heritage Motor Tours, supra* at 108). That doctrine is inapplicable here. Nevertheless, plaintiff's culpable conduct may reduce her recovery. The proof here demonstrated that Baby previously barked and growled at plaintiff, was kept separated from guests and plaintiff feared the dog, yet according to defendants' version of events plaintiff entered the house without announcing herself, without knowing whether the dog would be roaming free and without knowing what the dog's reaction would be to a stranger in the house. This was sufficient to raise questions of fact regarding the comparative defenses of assumption of risk or negligence (*compare Graham v Murphy,* 135 AD2d 326, 328 [1988]).

Defendants' public policy argument is without merit. The Court of Appeals has held that people have the right to keep watch or guard dogs on their property for protection, but there is a concomitant responsibility to prevent individuals from being injured by such animals; the balance is struck by holding a person who harbors such a dog and derives the protective benefit from its presence on the premises strictly liable for injuries inflicted by the dog (*see Strunk v Zoltanski,* 62 NY2d 572, 576 [1984]; *see also Collier v Zambito, supra* at 447).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' cross motion for partial summary judgment; said cross motion denied; and, as so modified, affirmed.