■ FRED SEYBOLT et al., Individually and as Parents and Guardians of BRENT SEYBOLT, an Infant, Respondents-Appellants, v DANIEL WHEELER et al., Appellants-Respondents. [839 NYS2d 830]—

Mercure, J. Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered December 14, 2006 in Saratoga County, which, inter alia, partially denied defendants' cross motion for summary judgment dismissing the complaint.

Plaintiffs' son, Brent (born in 1991), was a frequent guest at the home of defendants Daniel Wheeler and Colleen Wheeler (hereinafter collectively referred to as defendants) until July 2003, when he was attacked by defendants' dog. When Brent and Daniel Wheeler attempted to throw Wheeler's young daughter into a pool, the dog evidently knocked Brent down and bit him on the right side of his face around the eye, requiring an initial nine-day hospital stay and numerous surgeries since that time. Brent still sees "double" in the peripheral vision of his right eye and experiences abnormal swelling above the eye.

In 2005, plaintiffs commenced this action, individually and on Brent's behalf, against defendants and the owners of defendants' home, to recover damages arising out of the dog bite. Plaintiffs moved for partial summary judgment on the issue of liability and defendants and their landlords cross-moved for summary judgment dismissing the complaint upon the ground that they had no knowledge of the dog's vicious propensities. Supreme Court granted the landlords summary judgment dismissing the complaint as to them, but otherwise denied the motions, finding questions of fact regarding whether defendants knew or should have known of the dog's alleged propensities. Plaintiffs and defendants cross-appeal from the denial of their motions.

We affirm. It has long been the rule that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]). Such knowledge of a dog's vicious propensities may be established by proof of a prior bite, that the dog was restrained by its owners in a particular manner, or that the dog showed other threatening or aggressive behavior, such as growling, snapping or baring its teeth (*see Collier v Zambito, supra* at 446-447; *Czarnecki v Welch*, 13 AD3d 952, 953 [2004]; *Morse v Colombo*, 8 AD3d 808, 809 [2004]). In contrast, isolated or minor incidents indicative of "rambunctious behavior [will] show awareness of a vicious propensity only if it [was that] very behavior that resulted in [the] plaintiff's injury" (*Campo v Holland*, 32 AD3d 630, 631 [2006]; *see Brooks v Parshall*, 25 AD3d

853, 854 [2006]; *Rogers v Travis*, 229 AD2d 879, 880 [1996]). Similarly, evidence of "normal canine behavior," such as barking and chasing small animals, is insufficient (*Collier v Zambito, supra* at 447; *see Campo v Holland, supra* at 631; *Fontanas v Wilson*, 300 AD2d 808, 809 [2002]).

In support of their motion for summary judgment, plaintiffs introduced an affidavit of the dog's veterinarian and veterinarian records from April 2001, which stated, "Patient is Aggressive" and "Tried to bite—owner to muzzle!" The records further indicate that Daniel Wheeler sought a behavioral consultation in May 2001, after the dog had "shown aggression to [a] neighbor," backing the neighbor into a garage. Plaintiffs additionally submitted an affidavit from the neighbor, Sean Kelly, describing how the dog had come into his back yard and started growling at him, as well as the deposition testimony of Daniel Wheeler acknowledging that he knew the dog had backed Kelly up to his garage and barked at him.

In response, defendants relied upon the testimony of Colleen Wheeler explaining that the veterinarian requested that she muzzle the dog after it acted aggressively at the veterinarian's office in response to cats that were allowed to roam freely in the office, and that the "biting" incident referred to in the dog's records was a one-time occurrence in which the dog attempted to bite Wheeler during muzzling at the veterinarian's office. Defendants further relied upon Daniel Wheeler's testimony indicating that his children told him that Kelly had provoked the dog into an uncharacteristic response by chasing it with a bat or a stick, and that he consulted the veterinarian because the dog had never acted that way before. In addition, defendants relied upon Brent's deposition testimony stating that he knew the dog and had never seen it nip or growl at anyone prior to this incident.

In our view, while the parties provided sufficient evidence to meet their initial burdens for summary judgment, the evidence created triable issues of fact regarding the dog's vicious propensities and defendants' notice of those propensities, thereby precluding a grant of summary judgment to either party (*see Coole-Mayhew v Timm*, 18 AD3d 948, 949-950 [2005]; *Morse v Colombo, supra* at 808-809 [2004]). The parties' remaining arguments—including defendants' assertion that hearsay may not be presented in opposition to a motion for summary judgment despite the presence of other proof—have been considered and found to be lacking in merit (*see Bond v Giebel*, 14 AD3d 849, 850 [2005]; *Murray v North Country Ins. Co.*, 277 AD2d 847, 850 [2000]).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.