■ JOAN M. LEWIS, Appellant, v FRANK LUSTAN et al., Respondents. [899 NYS2d 767]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 10, 2008 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained while walking her dog by defendants' residence. Defendants' unleashed dog emerged from behind a car, barking. The dog ran toward plaintiff, startling her, whereupon she lost her balance and fell. We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Defendants' own submissions in support of the motion raise a triable issue of fact whether defendants' dog had vicious propensities and, if so, whether defendants knew or should have known of those propensities (*see generally Collier v Zambito*, 1 NY3d 444, 446 [2004]). "[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit

only when such proclivity results in the injury giving rise to the lawsuit" (*id.* at 447). "A known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant[s] liable for damages resulting from such an act" (*Anderson v Carduner*, 279 AD2d 369, 369-370 [2001] [internal quotation marks omitted]; *see Pollard v United Parcel Serv.*, 302 AD2d 884 [2003]). Here, we conclude that the deposition testimony of defendants that their barking dog rushed toward cars and people on numerous occasions prior to the incident with plaintiff raises a triable issue of fact to defeat the motion (*see Pollard*, 302 AD2d at 884-885).

All concur except Smith, J.P., and Pine, J., who dissent and vote to affirm in the following memorandum.

Smith, J.P., and Pine, J. (dissenting). We respectfully dissent and would affirm the order granting defendants' motion for summary judgment dismissing the complaint. In our view, there is no basis for imposing liability upon defendants under the circumstances of this case. The majority correctly sets forth the well-settled principle that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (*Collier v Zambito*, 1 NY3d 444, 447 [2004]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]). "[W]hen harm is caused by a domestic animal, its owner's liability is determined *solely* by application of the rule articulated in *Collier*" (*Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). That rule does not apply to the facts of this case, however, because the dog in question did not "reflect[ ] a proclivity to act in a way that puts others at risk of harm" (*Collier*, 1 NY3d at 447).

The record establishes that plaintiff was walking her dog on a sidewalk at the end of defendants' driveway in the dark and that she fell to the ground after she was startled by defendants' dog. The dog came from behind defendants' vehicle in defendants' driveway and barked at plaintiff, but it did not in any manner come into contact with plaintiff. It is undisputed that, although the dog had previously run and barked in defendants' front yard, it had never " 'been known to growl, snap or bare its teeth[ ]' " at anyone (*Bard v Jahnke*, 6 NY3d 592, 597 [2006]), nor is there evidence that the dog had bitten, jumped on, or come into contact with others on prior occasions. We agree with defendants that the dog's tendency to run and bark

is merely common canine behavior that does not endanger anyone. Defendants therefore met their burden of establishing their entitlement to judgment as a matter of law under *Collier*, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.