■ MITCHELL FARNHAM et al., Appellants, v BRIAN J. MEDER, Respondent. [899 NYS2d 509]—

Appeal from a judgment and order (one paper) of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered January 2, 2009 in a personal injury action. The judgment and order granted the motion of defendant for a directed verdict dismissing the complaint.

It is hereby ordered that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Mitchell Farnham (plaintiff) when he was knocked down by defendant's bull while chasing the bull from plaintiffs' property. On a prior appeal, we affirmed the order denying defendant's motion for summary judgment dismissing the complaint (*Farnham v Meder*, 45 AD3d 1315 [2007]). We conclude that Supreme Court properly granted defendant's motion for a directed verdict at the close of plaintiffs' proof on the ground that plaintiffs failed to establish that the bull had a vicious propensity.

It is well settled that "a bull is a domestic animal as defined in Agriculture and Markets Law § 108 (7)" (*Bard v Jahnke*, 6 NY3d 592, 596 [2006]), and "that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities . . . Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation'" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Bard*, 6 NY3d at 596-597). In *Collier*, the Court of Appeals held that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (1 NY3d at 447). Once it is established that the owner of the animal had knowledge of its vicious propensity, the owner becomes strictly liable for the resulting injury (*see Bard*, 6 NY3d at 597). The Court of Appeals has explicitly "reject[ed] the notion that a negligence cause of action survives *Collier* and *Bard*" (*Petrone v Fernandez*, 12 NY3d 546, 550 [2009]), and it has held that the "owner's liability is determined *solely* by application of the rule articulated in *Collier*" (*Bard*, 6 NY3d at 599 [emphasis added]; *see Petrone*, 12 NY3d at 550; *Lista v Newton*, 41 AD3d 1280, 1282 [2007]).

Although it was undisputed that defendant knew that his bull had a propensity to break free of its enclosure and wander onto

plaintiffs' property, plaintiffs failed to establish either that the bull had "a proclivity to act in a way that puts others at risk of harm" or that defendant knew of such a proclivity (*Collier*, 1 NY3d at 447). The bull's proclivity to wander was not the proclivity that resulted in the injury to plaintiff. Rather, the act that precipitated plaintiff's injury was the aggressive act of the bull in spinning around and knocking plaintiff to the ground, and plaintiff testified at trial that the bull had never acted aggressively before the day he was injured. Thus, we conclude that the evidence, viewed in the light most favorable to plaintiffs, established as a matter of law that there was no rational process by which the jury could have found in their favor (*see Hargis v Sayers* [appeal No. 2], 38 AD3d 1228, 1229 [2007]). Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.