ROBERT J. BARONE et al., Respondents, v SUSAN RAYNOR PHILLIPS, Also Known as SUSAN RAYNOR, et al., Appellants. [921 NYS2d 453]—

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered October 8, 2010 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert J. Barone (plaintiff) while attempting to run away from a dog allegedly owned and/or harbored by defendants, who were plaintiffs' neighbors. According to plaintiffs, the dog was barking and ran directly from defendants' property toward plaintiff on his property. Plaintiff believed that the dog would bite him and therefore ran to his house, but in doing so he tripped over the threshold of his front door and injured his knee. We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint. It is well settled that "the owner

of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). "[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—*albeit only when such proclivity results in the injury giving rise to the lawsuit*" (*Collier*, 1 NY3d at 447 [emphasis added]).

Here, defendants met their initial burden by establishing that they had no knowledge of any vicious propensity on the part of their dog, i.e., they had not seen their dog chasing any person on any occasion, nor had they heard of any such event (*see Rose v Heaton*, 39 AD3d 937, 938 [2007]). In response, plaintiffs presented no evidence suggesting that the dog had a propensity to run at people and thus failed to raise a triable issue of fact to defeat the motion (*see Pollard v United Parcel Serv.*, 302 AD2d 884, 884 [2003]; *cf. Lewis v Lustan*, 72 AD3d 1486, 1487 [2010]). To the extent that plaintiffs presented evidence that the dog had propensities to engage in other behavior that might endanger people, we conclude that such evidence was insufficient to raise an issue of fact to defeat the motion because those propensities did not "result[ ] in the injury giving rise to the lawsuit" (*Collier*, 1 NY3d at 447; *see Farnham v Meder*, 72 AD3d 1574, 1576 [2010]).

All concur except Gorski, J., who dissents and votes to affirm in the following memorandum.

Gorski, J. (dissenting). I respectfully dissent because, in my view, Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. As noted by the majority, plaintiffs commenced this action seeking damages for injuries sustained by Robert J. Barone (plaintiff) when he fell while being chased by a barking dog allegedly under the control of defendants. As the majority correctly states, defendants may be held liable for the harm caused by the dog if they knew or should have known of the dog's vicious propensities, and those propensities resulted in the injury giving rise to this action (*see Collier v Zambito*, 1 NY3d 444, 446-447 [2004]). Evidence of a vicious propensity, however, is not limited to dangerous or ferocious behavior, but such evidence also includes "a proclivity to act in a way that puts others at risk of harm" (*id.* at 447), including a known tendency to attack or to jump up on others, even in playfulness (*see Pollard v United Parcel Serv.*, 302 AD2d

884 [2003]). In opposition to defendants' motion, plaintiffs submitted evidence that the dog previously had knocked down a small child in the presence of defendant Patrick Phillips, and had a history of being "wild" and running onto plaintiffs' property, resulting in multiple complaints from plaintiff to city officials. Thus, contrary to the conclusion of the majority, plaintiff presented evidence sufficient to raise a triable issue of fact whether defendants had knowledge that the dog had a propensity to act in a manner that gave rise to plaintiff's injuries. Present—Smith, J.P., Centra, Peradotto, Gorski and Martoche, JJ.