# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

543

CA 10-02006

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

JOANN KRIEGER AND HERBERT KRIEGER,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

VICKY COGAR AND JEFF COGAR,
DEFENDANTS-RESPONDENTS.

---

O'BRIEN BOYD, P.C., WILLIAMSVILLE (STEPHEN BOYD OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered March 16, 2010 in a personal
injury action. The order, upon reargument, granted defendants' cross
motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by Joann Krieger (plaintiff) in an accident
involving defendants' six-day-old colt. When Vicky Cogar (defendant)
attempted to place a halter on the colt, the animal backed into the
stall door and knocked plaintiff, who was standing outside of the
door, to the ground. We conclude that Supreme Court properly granted
defendants' motion for leave to reargue their prior cross motion for
summary judgment dismissing the complaint and, upon reargument,
granted the cross motion.

Agriculture and Markets Law § 108 (7) characterizes horses, which
include colts, as domestic animals, and it is well settled "that the
owner of a domestic animal who either knows or should have known of
that animal's vicious propensities will be held liable for the harm
the animal causes as a result of those propensities . . . Vicious
propensities include the 'propensity to do any act that might endanger
the safety of the persons and property of others in a given
situation' " (*Collier v Zambito*, 1 NY3d 444, 446; *see Bard v Jahnke*, 6
NY3d 592, 596-597). In *Collier* (1 NY3d at 447), the Court of Appeals
held that "an animal that behaves in a manner that would not
necessarily be considered dangerous or ferocious, but nevertheless
reflects a proclivity to act in a way that puts others at risk of

harm, can be found to have vicious propensities--albeit only when such proclivity results in the injury giving rise to the lawsuit."  Once it is established that the owner of the animal in question had knowledge of its vicious propensity, the owner becomes strictly liable for any resulting injuries (*see Bard*, 6 NY3d at 597).  "The Court of Appeals has explicitly 'reject[ed] the notion that a negligence cause of action survives *Collier* and *Bard*' " (*Farnham v Meder*, 72 AD3d 1574, 1575, quoting *Petrone v Fernandez*, 12 NY3d 546, 550), "and it has held that the 'owner's liability is determined *solely* by application of the rule articulated in *Collier*' " (*id.*, quoting *Bard*, 6 NY3d at 599 [emphasis added]).

Here, defendants brought the colt to their property no more than two days before the incident, and they acknowledged that the colt had exhibited "skittish" or nervous behavior.  Defendant Jeff Cogar testified at his deposition that skittish behavior was the common response of a horse after being transported to a new location, and defendant testified at her deposition that she was aware of the colt's tendencies to avoid human contact and seek the protection of his mother.  The colt's repeated avoidance behavior, however, does not constitute a "proclivity to act in a way that puts others at risk of harm," which is required for a finding of vicious propensity (*Collier*, 1 NY3d at 447).  Further, there is no evidence in the record that the colt's avoidance behavior was " 'abnormal to its class,' " another necessary characteristic of vicious behavior for the purpose of establishing liability (*Bard*, 6 NY3d at 597 n 2; *see* Restatement [Second] of Torts § 509 [1]).  Indeed, plaintiffs' expert witness stated in his affidavit that a week-old colt would have a natural inclination to exhibit avoidance behavior, e.g., the placement of a halter on its face.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court