# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**474**

**CA 10-02362**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

ROBERT J. BARONE AND DONNA BARONE,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

SUSAN RAYNOR PHILLIPS, ALSO KNOWN AS SUSAN
RAYNOR, ALSO KNOWN AS SUSAN WATKINS, ALSO
KNOWN AS SUSAN PHILLIPS, AND PATRICK PHILLIPS,
DEFENDANTS-APPELLANTS.

---

BARTH SULLIVAN BEHR, BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered October 8, 2010 in a personal injury
action.  The order denied the motion of defendants for summary
judgment.

It is hereby ORDERED that the order so appealed from is reversed
on the law without costs, the motion is granted and the complaint is
dismissed.

Memorandum:  Plaintiffs commenced this action seeking damages for
injuries sustained by Robert J. Barone (plaintiff) while attempting to
run away from a dog allegedly owned and/or harbored by defendants, who
were plaintiffs' neighbors.  According to plaintiffs, the dog was
barking and ran directly from defendants' property toward plaintiff on
his property.  Plaintiff believed that the dog would bite him and
therefore ran to his house, but in doing so he tripped over the
threshold of his front door and injured his knee.  We agree with
defendants that Supreme Court erred in denying their motion for
summary judgment dismissing the complaint.  It is well settled that
"the owner of a domestic animal who either knows or should have known
of that animal's vicious propensities will be held liable for the harm
the animal causes as a result of those propensities" (*Collier v
Zambito*, 1 NY3d 444, 446; *see Petrone v Fernandez*, 12 NY3d 546, 550).
"[A]n animal that behaves in a manner that would not necessarily be
considered dangerous or ferocious, but nevertheless reflects a
proclivity to act in a way that puts others at risk of harm, can be
found to have vicious propensities--*albeit only when such proclivity
results in the injury giving rise to the lawsuit*" (*Collier*, 1 NY3d at

447 [emphasis added]).

Here, defendants met their initial burden by establishing that they had no knowledge of any vicious propensity on the part of their dog, i.e., they had not seen their dog chasing any person on any occasion, nor had they heard of any such event (*see Rose v Heaton*, 39 AD3d 937, 938).  In response, plaintiffs presented no evidence suggesting that the dog had a propensity to run at people and thus failed to raise a triable issue of fact to defeat the motion (*see Pollard v United Parcel Serv.*, 302 AD2d 884, 884; *cf. Lewis v Lustan*, 72 AD3d 1486, 1487).  To the extent that plaintiffs presented evidence that the dog had propensities to engage in other behavior that might endanger people, we conclude that such evidence was insufficient to raise an issue of fact to defeat the motion because those propensities did not "result[] in the injury giving rise to the lawsuit" (*Collier*, 1 NY3d at 447; *see Farnham v Meder*, 72 AD3d 1574, 1576).

All concur except GORSKI, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent because, in my view, Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint.  As noted by the majority, plaintiffs commenced this action seeking damages for injuries sustained by Robert J. Barone (plaintiff) when he fell while being chased by a barking dog allegedly under the control of defendants.  As the majority correctly states, defendants may be held liable for the harm caused by the dog if they knew or should have known of the dog's vicious propensities, and those propensities resulted in the injury giving rise to this action (*see Collier v Zambito*, 1 NY3d 444, 446-447).  Evidence of a vicious propensity, however, is not limited to dangerous or ferocious behavior, but such evidence also includes "a proclivity to act in a way that puts others at risk of harm" (*id.* at 447), including a known tendency to attack or to jump up on others, even in playfulness (*see Pollard v United Parcel Serv.*, 302 AD2d 884).  In opposition to defendants' motion, plaintiffs submitted evidence that the dog previously had knocked down a small child in the presence of defendant Patrick Phillips, and had a history of being "wild" and running onto plaintiffs' property, resulting in multiple complaints from plaintiff to city officials.  Thus, contrary to the conclusion of the majority, plaintiff presented evidence sufficient to raise a triable issue of fact whether defendants had knowledge that the dog had a propensity to act in a manner that gave rise to plaintiff's injuries.

Entered:  April 29, 2011                              Patricia L. Morgan
                                                      Clerk of the Court