# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1393**

**CA 11-01330**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

MARY E. UVANNI AND MICHAEL J. UVANNI,
PLAINTIFFS-RESPONDENTS,

V                                   MEMORANDUM AND ORDER

RICK CRUMB AND LINDA CRUMB,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF DANIEL W. COFFEY, ALBANY (DANIEL W. COFFEY OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN & PERTZ, LLP, UTICA (EVA
BRINDISI PEARLMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an amended order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered April 25, 2011. The amended order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the amended order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiff Mary E. Uvanni was walking her dog, Bentley, when defendants' unleashed dog, Scooby, emerged from behind a shrub and bit Bentley. Scooby apparently had slipped past defendant Linda Crumb from defendants' fenced-in backyard. Defendants moved for summary judgment dismissing the complaint on the ground that they did not have prior knowledge of Scooby's dangerous propensities. Supreme Court granted the motion only to the extent that plaintiffs seek punitive damages, but otherwise denied the motion. We conclude that the court should have granted the motion in its entirety.

It is well established that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito*, 1 NY3d 444, 446). "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*id.*). Thus, the behavior of the animal need not be dangerous or ferocious, but must simply reflect "a proclivity to act in a way that puts others at risk of harm" (*id.* at 447). In addition, such proclivity must result in the injury giving rise to the lawsuit (*see id.*; *Barone v Phillips*, 83 AD3d 1523, 1524).

Here, there is no evidence in the record before us that Scooby had previously attacked other dogs or persons. Although there is evidence that defendants were aware that Scooby on several occasions had escaped from the house or backyard, the injury here did not arise from Scooby's propensity to escape. Rather, the injury arose from Scooby's having attacked and bitten Bentley. Plaintiffs' reliance on other behavior exhibited by Scooby is misplaced. We note that there is evidence in the record that Scooby "barked like a dog protecting his home" and ran along the perimeter of the fence whenever someone walked in the alleyway behind defendants' house, as well as evidence that Scooby "circle[d]" another person and her dogs on at least one occasion. That evidence, however, does not raise an issue of fact regarding defendants' knowledge of the allegedly dangerous propensities of Scooby that caused the injury in this case (*see Smith v Reilly*, 17 NY3d 895). Finally, plaintiffs rely for the first time on appeal on Agriculture and Markets Law § 123 in support of their claim for veterinary expenses, and thus any issue with respect to the applicability of that statute is not properly before us (*see generally Tomaszewski v Seewaldt* [appeal No. 1], 11 AD3d 995).

Entered: February 10, 2012                    Frances E. Cafarell
                                              Clerk of the Court