Meka v Pufpaff (2018 NY Slip Op 08823)





Meka v Pufpaff


2018 NY Slip Op 08823


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


1278 CA 18-00924

[*1]DIANE MEKA AND JOHN MEKA, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
SCOTT PUFPAFF AND TRACY PUFPAFF, DEFENDANTS-APPELLANTS-RESPONDENTS. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (THOMAS P. CUNNINGHAM OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
LAW OFFICES OF EUGENE C. TENNEY, PLLC, BUFFALO (COURTNEY G. SCIME OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered December 5, 2017. The order denied the motion of defendants for summary judgment and denied the cross motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as it alleges negligence, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Diane Meka (plaintiff) as a result of the vicious propensities of defendants' dogs, Eli and Nyx. Plaintiff was walking her dog, Macie, around the neighborhood when Eli and Nyx approached them. Eli approached first and began sniffing Macie. Then, according to plaintiff's deposition testimony, Nyx came toward her at a "full run" and began "biting" Macie's neck. As plaintiff screamed for help, she lost her balance, fell over one of the dogs, and dropped to the curb, fracturing her arm. Defendants appeal and plaintiffs cross-appeal from an order that, inter alia, denied defendants' motion for summary judgment dismissing the complaint and plaintiffs' cross motion for summary judgment on the complaint.
Defendants contend on their appeal that Supreme Court erred in denying their motion with respect to the strict liability cause of action because their dogs had not demonstrated vicious propensities prior to the subject incident (see generally Collier v Zambito, 1 NY3d 444, 446-447 [2004]). We reject that contention. It is well settled that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (id. at 447; see Long v Hess, 162 AD3d 1646, 1646 [4th Dept 2018]). " A known tendency to attack others, even in playfulness, as in the case of the overly friendly large dog with a propensity for enthusiastic jumping up on visitors, will be enough to make the defendant[] liable for damages resulting from such an act' " (Long, 162 AD3d at 1647; see Lewis v Lustan, 72 AD3d 1486, 1487 [4th Dept 2010]). Although defendants testified that they never saw their dogs behave aggressively toward another dog, defendants submitted the deposition testimony of a neighbor, who testified that one day, when she was walking her dog past defendants' house, Eli and Nyx growled and "came charging" at them, thus raising an issue of fact by their own submissions (see Lewis, 72 AD3d at 1487).
Inasmuch as there are triable issues of fact whether defendants' dogs had vicious propensities, we likewise reject plaintiffs' contention on their cross appeal that the court erred in [*2]denying their cross motion with respect to the strict liability cause of action. Contrary to plaintiffs' further contention, the court properly disregarded the affidavit submitted with their surreply papers. It is generally improper for a party seeking relief by cross motion to submit evidence for the first time in surreply papers (cf. Ferrari v Natl. Football League, 153 AD3d 1589, 1590 [4th Dept 2017]), and plaintiffs have offered no justification for failing to submit the affidavit with their cross motion papers.
Finally, we agree with defendants on their appeal that the court erred in denying the motion with respect to the allegations of negligence, and we therefore modify the order accordingly. A claim sounding in ordinary negligence does not lie against the person responsible for a dog that causes injury (see Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]; Long, 162 AD3d at 1646).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court