Miller v Wamp (2025 NY Slip Op 03877)

Miller v Wamp

2025 NY Slip Op 03877

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

236 CA 24-01426

[*1]EDWARD MILLER, II, PLAINTIFF-RESPONDENT,
v
STEPHEN WAMP AND SUZANNE WAMP, DEFENDANTS-APPELLANTS. 

MARK D. GORIS, CAZENOVIA, FOR DEFENDANTS-APPELLANTS. 
FINKELSTEIN & PARTNERS, LLP, NEWBURGH (JAMES W. SHUTTLEWORTH, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered March 25, 2024. The order denied defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff was walking his two leashed golden retrievers down the main road at a New York State campground when defendants' rottweiler mix, which weighed over a hundred pounds and had been restrained by defendants with a pinch-style collar and a clothesline secured to a tree, broke the clothesline, ran after, and then attacked one of plaintiff's dogs. As plaintiff attempted to separate the dogs, he was knocked over and bitten by defendants' dog. Supreme Court denied defendants' motion for summary judgment dismissing the complaint, reasoning that there is a triable issue of fact whether defendants' dog had vicious propensities and, if so, whether defendants knew or should have known of those propensities. We affirm.
It is well established that "the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]; see Flanders v Goodfellow, — NY3d —, —, 2025 NY Slip Op 02261, *1 [2025]; Modafferi v DiMatteo, 177 AD3d 1413, 1414 [4th Dept 2019]). Those vicious propensities include " 'the propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (Flanders, — NY3d at —, 2025 NY Slip Op 02261, *1; see Collier, 1 NY3d at 446) and, thus, "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities" (Collier, 1 NY3d at 447; see Modafferi, 177 AD3d at 1414; Long v Hess, 162 AD3d 1646, 1647 [4th Dept 2018]).
Here, defendants' deposition testimony, which was submitted in support of their motion, raises triable issues of fact that preclude judgment as a matter of law. Specifically, both defendants testified, inter alia, that they were aware of their dog's proclivity to strain and pull on his leash in the presence of other dogs—including that they enrolled the dog in at least two specialized training classes to correct this behavior and secured him at their campsite with a pinch-style collar designed to deter pulling—and thus it was " 'foreseeable that if [defendants' dog] attacked another dog, someone would attempt to pull the dogs apart and be injured in the process' " (Modafferi, 177 AD3d at 1414; see Morse v Colombo, 8 AD3d 808, 809 [3d Dept 2004]; see also Skoney v Pittner, 21 AD3d 1422, 1423 [4th Dept 2005]). We therefore conclude that triable issues of fact exist whether defendants' dog had a vicious propensity and whether defendants had knowledge of that propensity (see Flanders, — NY3d at —, 2025 NY Slip Op 02261, *1; Lewis v Lustan, 72 AD3d 1486, 1487 [4th Dept 2010]; Pollard v United Parcel Serv., [*2]302 AD2d 884, 884-885 [4th Dept 2003]).
We note that the first cause of action, sounding in negligence, remains viable in its entirety inasmuch as plaintiff may now "rely on rules of ordinary negligence and seek to prove that . . . defendant[s] failed to exercise due care under the circumstances that caused [his] injury" (Flanders, — NY3d at —, 2025 NY Slip Op 02261, *4).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court